## SUCCESSION OF BERNARD HART—IRMA HART, Administratrix, Appellant.

The proper time for the judge to order public notice to be given to the creditors to oppose, if they think fit, an administrator's account, is when he applies for an order to pay the debts of the estate. C. C. 1168, 1169, 1172. It is only when the administrator has funds in his hands, and has made a tableau of distribution, that the creditors can be lawfully called upon to establish their claims contradictorily with each other. But where, at the instance of the administrator, on his prayer for an order to sell the property of the estate, and on the exhibition of a list of its liabilities, the creditors have been notified to present their claims and to show cause why the account should not be homologated, a judgment rendered thereon in favor of a creditor, will be binding on the estate, though it will not preclude any opposition which other creditors may make to the claim when a regular tableau of distribution shall be filed.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.

*Greiner*, for the appellant.

*Marsoudet*, contra.

MORPHY, J. The administratrix of the estate of Bernard Hart presented a petition to the Court of Probates, praying for an order to sell the property of the estate, and exhibiting a list or account of its liabilities, to show the necessity of the sale prayed for. Notice was given to the creditors of the estate, to show cause why the account should not be homologated; whereupon G. Ducros, in his own name, and P. Marsoudet, as syndic of the creditors of P. R. Colson, made opposition to the account, and prayed to be placed thereon as mortgage creditors of the estate, for the sum of $625 each, for two notes of that amount drawn by the deceased, to the order of, and endorsed by A. V. J. Jacobs, and secured by the vendor's privilege on property purchased by the deceased. These oppositions having been sustained, the administratrix appealed.

Her counsel has urged that, as the account presented was not a tableau of distribution, but merely a list of the liabilities of the estate, presented for the sole purpose of obtaining an order of the judge to sell the property left by the deceased, the oppositions of the appellees were irregularly and prematurely filed. The order of

the court below, which was rendered at the instance of the appellant herself, called upon the creditors of the estate to show cause why her account of the liabilities of the succession should not be approved and homologated. The object of this proceeding, we understand, was to make known to the court which is to order the sale, all the claims against the estate, in order to determine what portion of the property it will become necessary to sell to discharge them. We are unacquainted with any law sanctioning a call of the creditors of a succession for this purpose, and at this stage of the proceedings. The proper time for the judge to order public notice to be given to the creditors to make opposition to an administrator's account, seems to be, when an application is made to him for an order to pay the debts of the estate. Civil Code, articles 1168, 1169, 1172. It is only when the administrator has funds in his hands, and has made a *tableau* of distribution, that the creditors can be lawfully called upon to establish their claims contradictorily with each other. With the oppositions, however, which the appellees have filed, the administratrix cannot find fault, as it was at her own instance that they were notified to present their claims, if they had any, at this stage of the proceedings.

On the merits, the evidence appears to us fully to sustain the judgment by which the opponents were declared to be mortgage creditors of the estate, and ordered to be placed on the account, or tableau to be filed. This judgment we understand to be binding only against the estate. It will not preclude any opposition which the other creditors may think proper to make to the claims of the appellees, when a regular tableau of distribution shall be filed according to law.

*Judgment affirmed.*