<div align="right">LOUAILLIER<br>v.<br>CASTILLE.</div>

<div align="right">

| 14  | 779 |
|-----|-----|
| 116 | 257 |

</div>

## LOBIT & CHARPENTIER *v.* JOSEPHINE CASTILLE, Administratrix.

Where an administrator persists in refusing to file his account, after the expiration of the time fixed by law, and fails to tender a good reason for the delay, the Judge shall order him to be arrested and imprisoned until he renders the account. C. P. 1011.

The subsequent Article enables interested parties to compel him to render an account, by imprisonment, or distraining his property and income.

Upon the neglect of the administrator to pay the amount for which judgment has been rendered, and his failure to prove that he has no funds in his hands belonging to the succession, the creditor may take out an execution against such administrator's individual property ; but to do so, it is necessary that the judgment should be notified to him, and a rule taken on him in his official capacity.

Where the remedy is resorted to, of having the administrator dismissed from office, and sentenced to pay interest and damages, he settles with his successor in office, and not with the creditor who has provoked the dismissal.

The regular mode by which an ordinary creditor is to obtain payment of his judgment against an estate, is concurrently with the other creditors. C. P. 987, 1054 ; C. C. 1168. This implies that an account and tableau of distribution should be filed, wherein each creditor may be classed, in order that he may receive his portion of the funds in the hands of the administrator.

Where a creditor declines to pursue the ordinary remedy, and pursues the administrator personally, by a resort to the penal provisions of the law, he must bring himself within them before he can demand the penalty.

" The classification and order of payments " referred to in C. P. 998, is that mentioned in a preceding Article (988), and the case is contemplated, where the administrator has funds, and is ordered to pay the same to the creditors, according to their rights, and not a case where funds are not in the hands of the administrator at the time of such classification.

APPEAL from the District Court of the Parish of St. Landry, *Martel, J. Dupré & Garland,* for plaintiffs. *B. F. Linton,* for defendant and appellant.

VOORHIES, J. The plaintiffs, having been classed as ordinary creditors of the estate of Onézime A. Boudreau, deceased, for the sum of $3,380 28, besides interest, brought suit four months afterwards, (31st October, 1856,) for the purpose of compelling the administratrix to render an account of the funds in her hands, subject to their claim, and to pay over the same within ten days after being notified. They further ask that, in case the defendant fails, within the time to be fixed by the court, to render this account, then she be made personally liable for the whole amount of their debt, that writs of execution do issue accordingly, and that she be dismissed from office, with ten per cent. damages.

The administratrix filed a general denial on the 24th of November, 1856 ; and on the 29th day of the same month, the District Judge ordered her to file, within sixty days, " a brief statement of her condition, as administratrix of the estate of Onézime A. Boudreau, showing the funds in her hands belonging to said estate." This order was served upon the defendant personally, on the 12th day of Decem-

ber, 1856.  No account was filed by her in obedience to this mandate of the District Court.

In the month of June, 1859, over two years having intervened, the suit was tried, and resulted in a judgment which awarded to the plaintiffs an execution against the property of the defendant personally.  The latter then appealed.

In the meantime, writs of seizure and sale had been placed by the plaintiffs into the hands of the Sheriff, who had proceeded thereupon to seize and sell the hereditary rights of the defendant in the succession of her deceased father, *Alexandre Castille*.  These rights, appraised at $9000 on a cash valuation, were adjudicated for $1000 to the plaintiffs and *Mrs. Frances Ritter*, another judgment creditor.  These proceedings are noticed in the opinions given by this court in the cases of *Josephine Castille* v. *L. V. Chacheré, Sheriff, et al.*, 13 An. 561, and *Lobit & Charpentier* v. *Alexandre Castille*, ibid, p. 563.

The question to be disposed of is, whether the plaintiffs have properly pursued their remedy.

The 1011th Article of the Code of Practice provides that, if after the expiration of the time given to the executor or administrator to file an account, he refuses or neglects to obey, the Judge shall issue a mandate, directing him to comply with the provision of the law ; and, if within the time allowed to obey this mandate, the administrator persists in refusing to render an account, without tendering a good reason for the delay, the Judge shall order him to be arrested and imprisoned until he renders the account.  The following Article enables interested parties to compel the administrator to render the account, either by having him imprisoned until he does comply, or by having his property and income distrained, or by using any other means which the law may afford.  By the Article 1057 it is provided that, upon the neglect of the administrator to pay the amount for which judgment has been rendered, in one of the modes pointed out in the preceding Articles ; or upon failure to prove that he has no funds in his hands, belonging to the succession, the creditor may take out an execution against the administrator's own individual property.  But in order to do so, it is, in the first place, necessary to notify the judgment to the administrator ; and, in the second place, take a rule upon him, in his official capacity, for the purpose of obtaining payment of the judgment.  *James H. Stevens et als.* v. *Sarah A. H. Stephens, Administratrix*, 13 An. 416 ; *Collins* v. *Hollier*, 13 An. 586 ; C. P. 1053, 1054, 1055, 1056, 1057.

In the case under consideration, the plaintiffs applied for an execution, without making any allegation that their judgment had been notified to the administratrix.  The order given by the District Judge to her, to file, within sixty days, a brief statement of her condition as administratrix, does not appear to have been predicated upon any information given by her to the Sheriff, that she had not sufficient funds to satisfy the plaintiffs' demand ; nor do we find in the record any motion by the latter to compel the former to prove the truth of her declaration in this respect.

The plaintiffs have, therefore, failed to pursue the remedy provided in the 2d section of chapter the 1st of title III of the Code of Practice, and were not entitled to an order of seizure and sale against the property of the administratrix.

The different remedies given by law to the creditors of an estate, to enable them to coerce the payment of their claims, when evidenced by a judgment, have been blended together by the plaintiffs in this instance.  Either of them, if carried out properly, would, however, afford ample relief to the party.  Should an

administrator, when called upon with an order of court to file an account, refuse or neglect to comply, he might be imprisoned, and writs of *distringas* issued until a compliance. And if, on the other hand, resort is had to the remedy of an execution against the property of the administrator, the judgment should be notified to him in the first place. In case of non-success, a rule is then taken, under C. P. Art. 1056, and enforced by the issuance of execution, in the contingency provided for by the next Article. The other remedy is to have the administrator dismissed from office, and sentenced to pay interest and damages; but, in the last instance, the administrator, upon being dismissed, settles with his successor in office, and not with the creditor who has provoked the dismissal.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and that the plaintiffs' demand be rejected as in case of nonsuit, with costs in both courts.

---

## SAME CASE—ON A RE-HEARING.

MERRICK, C. J. A petition for a re-hearing has been filed in this case.

The counsel for the appellees inform us that they rely upon Article 993 of the Code of Practice, as authority for the judgment rendered by the District Court in this case.

The regular mode by which an ordinary creditor is to obtain payment of his judgment against an estate, is concurrently with the other creditors of the succession. C. P. 987, 1054; C. C. 1168. This implies that an account and tableau of distribution should be filed, wherein each creditor may be classed, in order that he may receive his portion of the funds in the hands of the administrator. This mode of proceeding is just and equitable. It prevents one creditor from obtaining an undue advantage over the others, in the assets in the hands of the administrator, and ultimately, from enforcing a demand upon the innocent surety of the same.

When a creditor declines to pursue the ordinary remedy, and chooses to pursue the administrator personally, he resorts to the penal provisions of the statute and Code of Practice, and must bring himself within their provisions, before he can demand the penalty.

" The classification and order of the payments," spoken of by Article 993 of the Code of Practice, to which our attention is called, is that mentioned in a preceding Article in the same chapter of the Code, viz, Art. 988. It contemplates the case where the administrator has funds, and is ordered to pay the same to the creditors according to their rights, and not a case where funds are not in the hands of the administrator at the time of such classification, *Succession of Hart*, 8 Rob. 121; *Hickman* v. *Flenniken*, 12 An. 268; C. C. 1168, 1170.

In the classification of debts in this case, the administratrix did not profess to have any funds in hand, and hence, she was not ordered to pay any sum to any one of the creditors, and the classification and order of payments spoken of by Art. No. 993 did not take place. No execution could, therefore, issue thereon in favor of the creditors, within ten days after its homologation, because no sum was awarded any one of them. The second step required by this Article was also abortive. It was wanting in a *tableau of distribution*, from which to date

<div style="margin-left">LOBIT<br>
v.<br>
CASTILLE.</div>

the ten days, and it does not appear that *a majority of creditors* in amount *have required a due proportion of the sums* subsequently collected.

There is no reason to disturb the judgment pronounced by us in this case.

It is, therefore ordered, that the prayer for a re-hearing in this case be refused.