REBECCA HICKMAN *v.* G. W. FLENNIKEN, Administrator, et al.

A paper filed by an administrator purporting to be his account, but which merely gives a statement of the creditors of the estate and the debts which he has paid, but does not show that he had any money in his hands to be distributed, or that he collected or distributed any money of the succession, is not such an account or tableau as could be homologated and made binding upon either the creditors or the heirs, unless they had been personally cited.

Any one heir may compel the administrator to render his account without the concurrence of his co-heirs and without making his co-heirs parties to the suit.

APPEAL from the District Court of East Feliciana, *Ratliff,* J.

*A. M. Dunn* and *Bowman & Delee,* for plaintiff. *Muse & Hardee,* for defendants and appellants.

MERRICK, C. J. This suit is brought to annul an administrator's account, which shows a balance to his credit, and to enjoin him from selling property of the succession to pay the same.

At the time the account was homologated the minor brother and sister of the plaintiff, if not the plaintiff herself, were represented by *Samuel Flenniken,* as tutor, but the tutor was not cited, although it is proven that he was present in court when the judgment homologating the account was rendered. · Neither has the tutor been made a party to the present suit, and the plaintiff alleges that she sues on behalf of herself and minor co-heirs.

The account was homologated in open court, after ten days publication, on the 10th day of November, 1854, and this suit was brought on the 8th of December, 1855, more than one year afterwards.

The defendant has excepted to the action on the ground, that the tutor ought to have been made party to it, and he has also pleaded the prescription of one year in bar of the same.

It occurs to us that the judgment attacked cannot have· the force of the thing adjudged under any circumstances, and therefore the tutor can have no interest in maintaining it,. and it can furnish no basis for the. plea of prescription.

The administrator in the· paper which purports to be his account, has merely given a statement of the creditors of the estate and the debts which he has paid, but he does not show that he had any money in his hands to distribute or that he had collected and disbursed any money of the succession. It was, therefore, neither an account nor a tableau of distribution. It is true that on one side of the account, the administrator charged himself with the amount of the inventory, but on looking into the inventory we find it consists entirely of property, viz, slaves, there being on it no items of cash or active debts. It was not in the power of the administrator to treat the slaves as cash in his hands and thus change the ownership of the property. The paper, therefore, which he presented to the court, was not such an account or tableau as could be homologated and made binding upon either the creditors or the heirs, unless they had been personally cited. *Succession of Hart,* 8 Rob. 121 ; *Succession of Day,* 2 An. 895 ; C. C. 1168, 1170.

In a recent case, we held that where the administrator had *funds* to distribute among the creditors, and his tableau of distribution was regularly published and homologated, it had the force of the thing adjudged against the

heirs as to the funds so distributed, although the administrator himself figured as a creditor upon the tableau. It is apparent that the two cases are dissimilar.

It is further urged by the defendant, that one of several heirs cannot call upon the administrator to render an account without making the co-heirs parties to the suit, and the case of *Douglas* v. *Edwards*, 9 La. 234, decided in 1836, is relied upon to sustain this position.

We think since the changes introduced by the Act of 1837, and the subsequent legislation, that any person interested may compel the administrator to render his annual account. For it is provided by the third section of the Act of 1855, p. 78, that the creditors " or any person interested," may file in the Clerk's office a motion to know whether the executor, administrator, curator or syndic, has any funds, and that such executor, administrator, curator or syndic, shall be bound within ten days to file a true statement of his accounts and bank book, (if he has one,) showing the amount of funds collected by him, and on his failure so to do he is to be dismissed from office and pay ten per cent. per annum interest on any sum for which he may be responsible. By the fourth section of the same Act, it is made the duty of executors, administrators, curators and syndics, at least once in every twelve months, to render to the court from which they received their appointment, a full, fair and perfect account of their administration, and on failure to do so they shall be dismissed from office and pay ten per cent. interest, &c.

The sixth section of the Act of 1855, p. 54, relative to Clerks of the District Courts, confers on them the power to order all executors, tutors, curators, administrators and syndics, within ten days after such order may have been served, &c., to file their accounts. See the French text of the Article.

Under these provisions of law no good reason can be urged why an heir who desires the rendition of an account as preliminary to a partition, or in order to obtain the sums to which he is entitled as heir, may not compel the administrator to render his account without the concurrence of his co-heirs and without encountering the delay and expense of making such co-heirs parties defendant.

As the affidavit was clearly insufficient to entitle the party to a writ of sequestration, there is no cause for amending the judgment in favor of the plaintiff. *Raynaldson* v. *Hamilton*, 5 An. 203.

Judgment affirmed.