Filed Oct. 14, 1885.

---

No. 12,252.

## WILSON ET AL. *v.* GALEY, GUARDIAN.

PLEADING.—*Demurrer for Fifth Cause Calls in Question Sufficiency of Facts and Right of Action in Plaintiff.*—A demurrer to a complaint for the *fifth* statutory cause (section 339, R. S. 1881,) calls in question not only the sufficiency of facts stated to constitute a cause of action, but also a cause or right of action which the plaintiff in his own name may sue upon and enforce.

GUARDIAN AND WARD.—*Action for Waste Must be Brought by Ward and not by Guardian.*—Under section 287, R. S. 1881, which provides that "A person seized of an estate in remainder or reversion may maintain an

action for waste or trespass, for injury to the inheritance, notwithstanding an intervening estate for life or years," a guardian can not maintain such action for his ward, but it must be brought by the ward in his own name, by next friend, as provided by sections 255 and 256, R. S. 1881.

From the Montgomery Circuit Court.

*E. C. Snyder* and *R. J. Greene,* for appellants.

*G. W. Paul, J. E. Humphries, W. W. Thornton* and *W. Reeves,* for appellees.

Howk, J.—This was a suit by the appellee, as guardian of certain minors, against the appellants, in a complaint of two paragraphs. The object of the suit was to recover damages for waste alleged to have been committed, and to enjoin the commission of further waste by the appellant Sophia B. Wilson, as tenant for life, and her husband, on certain real estate owned in fee by appellee's wards, in Montgomery county. The cause was put at issue and tried by the court, and a finding was made for appellee, guardian as aforesaid, assessing his damages in the sum of $75. Over appellants' motions for a new trial and in arrest, the court rendered judgment on its finding as prayed for in appellee's complaint.

A number of errors are assigned by appellants, in this court, but those chiefly relied upon by their counsel, in argument, are the overruling of their demurrers to each paragraph of appellee's complaint. The evidence is not in the record.

In the first paragraph of his complaint, the appellee alleged that his wards were the owners of certain real estate, particularly described, wherein the appellant Sophia B. Wilson had a life-estate for and during her own life, and then had possession thereof as such life-tenant; that, in disregard of the rights of appellee's wards, appellant Sophia B. Wilson had unlawfully cut down nine "large, good, sound and valuable oak trees, of sound, good and valuable timber," and had cut up "nine fallen but sound, good, large and valuable

timber oak trees," and had converted "said oak trees into staves and heading material," and had sold and converted the same to her own use and benefit; that such trees and the timber thereof were in no wise needed for the improvement of such real estate, nor were they so used; nor were they needed or used for firewood or for repairing the buildings on such land; nor had they, in any manner whatever, become decayed, nor were they decaying; and that such trees were each of the value of $35.

The appellee further averred, that appellant Sophia B. Wilson had sold certain other large and valuable oak trees, of good and valuable timber (the number and value of which appellee could not give), off of such real estate, and was then threatening to cut down such trees and haul them away and dispose of the timber thereof; that, in all such transactions, the appellant Michael Wilson had counselled, aided and abetted his wife and co-appellant, and assisted her in cutting down such trees, and had received part of the proceeds of the sale thereof, and was then threatening with her to aid and assist her in cutting down such other trees so sold by her. Wherefore, etc.

The second paragraph does not differ materially, in its averments, from the first paragraph of complaint, except in this, that the second paragraph is more specific in its statement of facts than the first paragraph of complaint.

In their brief of this cause, the appellants' learned counsel object to the sufficiency of the first paragraph of complaint, upon the following grounds:

1. It does not allege damage to an estate which appellee holds.

2. It does not state *where* the damage is.

3. It does not allege that the trees which were cut were cut from land in which appellee had any estate.

4. It does not allege that the damage complained of was on account of the action of the appellants.

Appellants' counsel also urge the same objections, with the

exception of the third one, to the sufficiency of the second paragraph of complaint.

In *Pence* v. *Aughe,* 101 Ind. 317, it was held by this court, and correctly so, we think, that a demurrer to a complaint for the *fifth* statutory cause of demurrer (section 339, R. S. 1881,) calls in question not only the sufficiency of the facts stated in the complaint to constitute a cause of action, but also a cause or right of action which the plaintiff, in his own name may sue upon and enforce. In section 287, R. S. 1881, in force since September 19th, 1881, it is provided as follows: "A person seized of an estate in remainder or reversion may maintain an action for waste or trespass, for injury to the inheritance, notwithstanding an intervening estate for life or years." This section of the statute seems to have been enacted for the first time, in this State, in the civil code of 1881, no similar section being found in the civil code of 1852, nor in any other statute of this State so far as we are advised. Yet, it has always been the law in this State, that the owner in fee simple of real property, in remainder or reversion, might recover of the life-tenant or tenant for years damages for waste committed, or might upon a proper showing enjoin the commission of further waste. *Dawson* v. *Coffman,* 28 Ind. 220; *Miller* v. *Shields,* 55 Ind. 71; *Robertson* v. *Meadors,* 73 Ind. 43.

Recurring to section 287, above quoted, it will be seen that, in language too plain for construction or to be misunderstood, it gives the right or cause of action for waste or trespass, for injury to the inheritance, to the person seized of the estate in remainder or reversion. It was not alleged by the appellee Galey, in either paragraph of his complaint, that he was seized of any estate in remainder or reversion, or otherwise, in the real estate whereof the appellant Sophia P. Wilson was averred to be in possession as tenant for her own life. On the contrary, the appellee alleged that Sophia E. Armstrong and Emma Armstrong, who were minors, and of whom he was the legal guardian by the appointment of the proper court,

were the persons seized in fee simple of the real estate, in remainder or reversion, whereof the appellant Sophia P. Wilson had possession as the life tenant thereof for and during her own life. Under the allegations of each paragraph of the complaint, and under the provisions of section 287, above quoted, we are of opinion that the appellee Galey had no cause of action, either in his own right or as guardian, against the appellants, or either of them. Upon the facts stated in each paragraph of complaint, the right or cause of action, if any, against the appellants, or either of them, is shown to be in Sophia E. Armstrong and Emma Armstrong; and they, in their own proper names, by their next friend, are authorized by the statute to maintain a suit upon such cause of action.

In section 255, R. S. 1881, in force since September 19th, 1881, it is provided as follows : " When an infant shall have a right of action, such infant shall be entitled to bring suit thereon, and the same shall not be delayed or deferred on account of such infant not being of full age." The next section of the code (section 256) provides for the appointment of a *prochein ami*, or next friend, of an infant sole plaintiff, who shall be responsible for costs. It will be seen that the code contemplates and provides that whenever an infant has a cause of action he shall bring suit thereon in his own name, and such suit shall not be delayed or deferred on account of his infancy. This is the general rule. An exception to this rule is found in the *fifth* clause of section 2521, R. S. 1881, in force since May 6th, 1853, defining the duties of the guardian of a minor, and making it his duty, among others, to " collect all debts due such ward." By strong implication, though not in express terms, we think this provision of the statute authorizes a guardian, if necessary, to sue in his own name for the collection of a debt due his ward, though this point we need not and do not decide. This exception to the general rule, however, has no application to the case in hand.

For the reasons heretofore given we are of opinion that

the trial court erred in overruling the appellants' demurrer to each paragraph of appellee's complaint.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to each paragraph of the complaint, and for further proceedings.

Filed Oct. 15, 1885.