Farris v. Jones et al.

No. 14,022.

FARRIS v. JONES ET AL.

INJUNCTION.—County Commissioners.—Erection of Bridge.— Complaint.—Interest of Party.—A complaint to enjoin the county commissioners from contracting for the erection of a bridge is bad, if it is not shown that the plaintiff has an interest in the cause of action or that he will be· affected by the proposed contract.

PLEADING.— Supplemental Complaint.— Separate Demurrer Unauthorized.— Practice.—A supplemental complaint constitutes a part of the original· complaint, and a separate demurrer to it will not lie, and, if filed, it should be disregarded.

SAME.— When Complaint Stands as Unchallenged.—Where, after the filing of a supplemental complaint, the defendant demurs separately to it and to the original complaint, such demurrers should not be entertained, and the complaint, as a whole, in the absence of further pleadings, will stand as unchallenged and unanswered.

SAME.—Each Paragraph of Complaint Must be Complete.—Each paragraph of a complaint must be complete in itself, and omitted or defective allegations of fact in one paragraph can not be supplied or cured by reference to another paragraph.

SAME.—Demurrer.— Want of Facts.—Right to Maintain Suit.—A demurrer to a complaint for the alleged insufficiency of facts questions both the sufficiency of the facts stated to constitute a cause of action and the right of the particular plaintiff to maintain the suit.

From the Martin Circuit Court.

H. McCormick, for appellant.

T. M. Clarke, C. S. Dobbins, T. J. Brooks, S. M. Reeve, H. Q. Houghton and J. T. Rogers, for appellees.

HOWK, J.—This suit was commenced by appellant, Farris,. as plaintiff, against the appellees, Jones, Chattin and Porter, the acting board of commissioners of Martin county, as defendants, on the 29th day of July, 1887. At the ensuing September term, 1887, of the court below, the parties appeared and appellant filed what is called his supplemental complaint herein. Thereafter, at the same term, appellees' demurrers to the original and supplemental complaints, for

the alleged want of facts therein respectively, were severally sustained by the court. Thereupon, at the same term, with the leave of court first had, appellant filed the third paragraph of his complaint herein. Appellees' demurrer to this third paragraph of complaint, for the alleged insufficiency of the facts therein alleged to constitute a cause of action, was also sustained by the court. Appellant then declining to amend or plead further, it was adjudged by the court that he take nothing by his suit, and that appellees recover of him their costs expended herein.

From such judgment this appeal is prosecuted, and the appellant assigns here as errors the sustaining of the several demurrers to the several paragraphs of his complaint herein.

The record fails to show that appellant excepted at the time to the rulings of the court below in sustaining appellees' demurrers to the original complaint, or to what is called the supplemental complaint herein. Therefore it is claimed by appellees' counsel that no questions are saved in and presented by the record by the decisions of the court upon the demurrers to the original and supplemental complaint for the consideration of this court. In other words, counsel claim that, by reason of appellant's failure to except to such decisions, his original and supplemental complaints are practically, at least, out of the record of this cause, and form no proper part thereof, on his appeal from the judgment below to this court. Ordinarily, no doubt, the claims of appellees' counsel, in regard to the effect of appellant's failure to except at the time to the rulings of the court upon the demurrers to his original and supplemental complaints, would be correct, but, as applied to the record in this cause, we think their claims are incorrect and erroneous.

It is shown by such record that appellant filed his supplemental complaint on the 8th day of September, 1887, stating therein matters of fact which had occurred after the filing of his original complaint. Afterwards, on the 13th day of September, 1887, and not before, appellees filed their two de-

murrers herein, one to the original complaint and the other to the supplemental complaint, which demurrers were sustained by the court on the same day.

It is settled by our decisions, that as a supplemental complaint constitutes only a part of the original complaint, after the filing of the former pleading, a demurrer will not lie to such supplemental complaint, and, if filed, it ought to be disregarded. "Such supplemental complaint does not supersede the original, but both stand and constitute the complaint. As such pleading only constitutes a part of the complaint, a demurrer to it is unknown to our practice, and the court was authorized to disregard it." *Morey* v. *Ball*, 95 Ind. 450; *Derry* v. *Derry*, 98 Ind. 319.

"A supplemental complaint is not, like an amended complaint, a substitute for the original complaint, by which the former complaint is superseded ; but it is a further complaint and assumes that the original complaint is to stand." *Musselman* v. *Manly*, 42 Ind. 462; *Davis* v. *Krug*, 95 Ind. 1; *Simmons* v. *Lindley*, 108 Ind. 297.

The rule of practice which forbids the filing of a demurrer to a supplemental complaint results from the general rule that, under our civil code, a demurrer will not lie to a part of a paragraph of complaint, or other pleading. Section 339, R. S. 1881; *Reno* v. *Tyson*, 24 Ind. 56.

Of course, there are exceptions to this general rule of practice, as, in cases of suits upon bonds, when several breaches have been assigned in a single paragraph of complaint, we have often held that the sufficiency of each breach may be tested by a separate demurrer. *Colburn* v. *State, ex rel.*, 47 Ind. 310; *Mustard* v. *Hoppess*, 69 Ind. 324; *Sheetz* v. *Longlois*, 69 Ind. 491.

The case in hand does not fall within any of the exceptions to the general rule of practice that a demurrer will not lie to part of a paragraph of complaint. Here, the appellees did not demur until after appellant had filed his supplemental complaint herein, and it and the original complaint

had become and were only one complaint. To the one complaint, as thus constituted, appellees did not demur, but instead thereof, as we have seen, they filed separate demurrers to the separate parts of such complaint for the alleged insufficiency of the facts therein to constitute a cause of action. The court below ought not, we think, to have entertained or ruled upon these separate demurrers to the separate parts of the one complaint, as then constituted, but ought rather to have rejected, or at least disregarded, such demurrers, as unknown to our practice under the civil code, and to have required appellees to plead further. Certainly, the court erred in entertaining these separate demurrers to the separate parts of the complaint as then constituted, and in holding the cause of action therein stated bad by piecemeal, by an unwarranted procedure unknown to our practice.

Upon this state of the record, we are of opinion that appellant's complaint, as it was constituted upon the filing of his supplemental complaint, stands unchallenged by demurrer and unanswered by appellees; and that, without issue of law or fact joined on such complaint, the judgment of the court below, that appellant take nothing by his suit herein, rendered as upon the sustaining of a demurrer to such complaint, is wholly unauthorized by law and void.

The original complaint herein was filed on the 29th day of July, 1887, by appellant, a resident citizen and taxpayer of Martin county, to enjoin appellees, as members of the board of commissioners of such county, from contracting for the erection of a bridge over the east fork of White river at a point where, as alleged, there was not then, and never was, any public highway leading thereto or therefrom. We need not set out the facts stated in the complaint, in this opinion, nor need we argue for the purpose of showing that such facts were abundantly sufficient to justify the intervention of a court of equity to prevent appellees from contracting for the erection of such bridge. It will suffice to say that, upon the facts stated in such original complaint, the court

below, as a court of equitable cognizance and powers, did intervene and, by a temporary order to that end, properly restrained appellees from contracting for the erection of the aforesaid bridge until the ensuing September term of such court. At that term, appellant filed his supplemental complaint, stating therein facts which had occurred, in connection with the subject-matter of the suit, after the filing of his original complaint, and showing that the necessity for an injunction against the unlawful acts and proceedings of the appellees continued unchanged. Upon the filing of this supplemental complaint, it and the original complaint, as we have seen, became and were only one complaint; and this complaint stated facts amply sufficient, we think, to constitute a cause of action in appellant's favor and to entitle him to the relief prayed for therein.

With leave of the court first had, appellant filed an additional and third paragraph of complaint, to which appellees' demurrer for the alleged want of facts was sustained by the court.

The appellant at the time excepted to this ruling of the court, and has here assigned the same as error. In this paragraph of complaint appellant seeks to enjoin appellees, as members of the county board, from contracting for the erection of the same bridge over the east fork of White river heretofore mentioned herein. It is insisted by appellees' counsel that this third paragraph of complaint was clearly bad on the demurrer thereto, for the reason that it was not shown by any proper averment therein that appellant had any possible interest, near or remote, in the cause of action attempted to be stated in such paragraph. It was not alleged therein that he was a taxpayer of Martin county, or that he would or could be injured or affected in any manner or to any extent by the erection by appellees of the proposed bridge over the east fork of White river. Under our civil code the rule of pleading is familiar which requires that each paragraph of a complaint must be complete and perfect in

Farris *v.* Jones *et al.*

and of itself, and that omitted or defective allegations of fact in one paragraph can not be supplied or cured by reference to the averments of another paragraph. *Smith* v. *Little,* 67 Ind. 549; *Entsminger* v. *Jackson,* 73 Ind. 144; *Lynn* v. *Crim,* 96 Ind. 89; *Ludlow* v. *Ludlow,* 109 Ind. 199.

So, also, we have held, and correctly so, we think, that a demurrer to a paragraph of complaint, for the alleged insufficiency of the facts stated therein, calls in question not only the sufficiency of the facts averred in such paragraph to constitute a cause of action, but also the right or authority of the particular plaintiff to institute or maintain a suit upon such cause of action. *Pence* v. *Aughe,* 101 Ind. 317; *Wilson* v. *Galey,* 103 Ind. 257; *Walker* v. *Heller,* 104 Ind. 327; *Frazer* v. *State, etc.,* 106 Ind. 471.

The demurrer to the third paragraph of complaint was correctly sustained.

The judgment is reversed, with costs, and the cause is remanded, with instructions to require by rule defendants to answer the complaint herein, as composed of the original and supplemental complaints, with leave to plaintiff to amend, and for further proceedings not inconsistent with this opinion. Appellees' motions to strike out parts of the record, and to dissolve the restraining order granted by this court, are denied, with costs, and the rule against appellees to show cause, etc., is discharged, at their costs.

NIBLACK, J., was absent when this cause was considered and decided.

Filed Dec. 6, 1887.