## TUCKER ET AL. *v.* WHITE, GUARDIAN.

[No. 4,002.    Filed February 5, 1902.]

PLEADING.—*Demurrer.*—A demurrer to a complaint for want of facts raises the question of the right of the plaintiff to maintain the action. *p. 329.*

GUARDIAN AND WARD.—*Quieting Title.*—A guardian who has never had possession of his ward's real estate cannot maintain an action to quiet title thereto. *pp. 329, 330.*

From Johnson Circuit Court; *K. M. Hord,* Special Judge.

Suit by Joseph White as guardian against William C. Tucker and others to quiet title to wards' real estate. From a judgment in favor of plaintiff, defendants appeal. *Reversed.*

*R. M. Miller* and *H. C. Barnett,* for appellants.

*E. F. White* and *G. I. White,* for appellee.

COMSTOCK, C. J.—This cause was brought by the appellee, as guardian of William and May White, minor heirs of James T. White, deceased, against the appellants herein, alleging that he is the duly qualified and acting guardian of said minors; that his said wards are the owners in fee simple and entitled to the possession of certain real estate in Johnson county, Indiana, describing it; that said James T. White, deceased, was the owner of said real estate at the time of his death, and left surviving him the above named wards as his children, and a widow, Lillie I. White, as his only heirs at law; that said widow, after the death of said

decedent, and while holding said real estate, by virtue of her marriage with said James T. White, deceased, inter-married with one Allen C. Anderson, and while so holding said real estate said widow, Lillie I. Anderson, and her said husband, Allen C. Anderson, attempted to convey said real estate by warranty deed to appellants William C. Tucker and Earl Tucker, and that after the execution of said deed, and during said subsequent marriage with said Allen C. Anderson, said widow, Lillie I. Anderson, departed this life, and at said time said wards were the only children or descendants of children alive by such previous marriage with said James T. White, deceased; that defendants are each jointly and severally claiming title to said real estate, and unlawfully hold possession of said real estate, under said pretended deed of said Lillie I. Anderson and Allen C. Anderson, which claims are unfounded and adverse to, and a cloud upon the title of said wards, and prays that said deed be set aside and the cloud be removed from their title, that they have possession of said real estate, and for damages. Issues were formed, a trial had, and judgment rendered for appellee.

The first specification of error questions the sufficiency of the complaint to state a cause of action. Counsel for appellants insist that the demurrers to the complaint should have been sustained, for the reason that a guardian cannot prosecute an action of this character. Counsel for appellee claim that a demurrer for want of facts does not raise the question of the right of the plaintiff to sue. It has been held otherwise in *Pence* v. *Aughe*, 101 Ind. 317; *Farris* v. *Jones*, 112 Ind. 498; *Wilson* v. *Galey*, 103 Ind. 257; *Boyd* v. *Brazil Block Coal Co.*, 25 Ind. App. 157; *Kinsley* v. *Kinsley*, 150 Ind. 67.

The proposition for which counsel for appellants contend is approved in *Wilson* v. *Galey*, 103 Ind. 257; *Spencer* v. *Robbins*, 106 Ind. 580. In the case last mentioned, at p. 589, the court speaking by Mitchell, J., say: "Infants may

defend by a guardian *ad litem*, but they can not, over objection, thus prosecute an action either upon a complaint or cross-complaint. They can prosecute only by next friend." *Spencer* v. *Robbins, supra*, is cited in *Budd* v. *Rutherford*, 4 Ind. App. 386, as authority for the statement that "It is quite well settled, however, that a sole infant plaintiff must either sue by next friend, or as a poor person, under a special order of the court." In *Kinsley* v. *Kinsley, supra*, it was held that a guardian in possession of ward's real estate may maintain a suit in his own name to enjoin injury to his ward's estate. In the course of the opinion, *Wilson* v. *Galey, supra*, was referred to, and distinguished from the case before the court. The opinion points out the fact that in *Kinsley* v. *Kinsley, supra*, the guardian is himself, as such, in possession of the real estate in question, while in *Wilson* v. *Galey, supra*, the party committing the waste was in possession of the real estate. In the case at bar the appellants were in possession.

The guardian is not the owner of the land, and never had possession. Good reasons why the guardian should be permitted to sue in actions of this character readily suggest themselves, but the foregoing decisions hold the other way. The complaint is insufficient, and other alleged errors need not be considered.

Judgment reversed, with instructions to sustain appellants' demurrer to the complaint.