MOORE v. CHURCH ET AL.

1. **Conflict of Laws**: ASSIGNMENT FOR BENEFIT OF CREDITORS: ASSIGN-
MENT IN NEW YORK: PROPERTY IN IOWA. The validity of an assign-
ment of real property situated in this state, for the benefit of the credi-
tors of the assignor, made in another state, must be determined by the
laws of this state; and, if such assignment gives preference to creditors,
it is void as to the real property within this state. (*Loving v. Pairo*, 10
Iowa, 282, followed.)

2. **Assignment for Benefit of Creditors**: SEVERAL DEEDS. Where
several deeds are made at the same time and as a part of the same
transaction with an assignment for the benefit of creditors, they will be
considered as together constituting one assignment. (See authorities
cited.)

3. ————: VALID IN NEW YORK—INVALID IN IOWA: ESTOPPEL OF NEW
YORK CREDITORS TO INSIST ON INVALIDITY IN IOWA. Where the
parties to an assignment for the benefit of creditors all lived in New
York, and the assignment was valid there, but invalid in Iowa, a New
York creditor, who was the surety on the assignee's bond, and who filed
his claim with the assignee, was not thereby estopped from denying the
invalidity of the assignment as to real estate in Iowa, and from seeking
to subject such real estate to the payment of his demand; especially
where he only claimed of the assignee the residue of his demand, after
exhausting the Iowa property.

*Appeal from Wapello District Court.*

WEDNESDAY, DECEMBER 8.

ACTION in chancery to set aside a deed of assignment, and
to enable the assignee to execute the trusts therein prescribed,
both conveyances being executed by Church to defendant
Smith. A default was entered as to Church. Smith answered,
and a demurrer to his answer was sustained. He now appeals
to this court.

*J. J. Smith,* for appellant.

*Nourse, Kauffman & Guernsey,* for appellee.

Moore v. Church et al.

Beck, J.—I. The allegations of the petition, briefly stated, are as follows: Plaintiff recovered a valid judgment for a large amount, in the state of New York, against defendant Church, which remains unpaid. Action, aided by attachment, was brought on this judgment in the district court of Wapello county, and judgment therein was rendered for the amount due on the New York judgment. Certain real estate in Iowa owned by Church was levied upon under the attachment issued in the case. Prior to the rendition of the judgment in New York, Church executed to defendant Smith a deed of assignment for the benefit of his creditors. As a part of the transaction of the assignment, and to effectuate the purposes thereof, Church executed to Smith a deed conveying the property in question in fee-simple. By the terms of the assignment certain creditors are preferred; priority in the payment of the debts due to them being directed. Plaintiff alleges that by reason of this preference, which is forbidden by the statutes of this state, the assignment is void. They pray that the two deeds, together operating as an assignment with preferences, be declared void, and that the lands attached be made subject to plaintiff's judgment rendered in the Wapello district court.

The defendant Smith, in his answer, admits the execution of the deed of assignment, and the other deed to him, on the same day, and that preferences were given to certain creditors of Church by the terms of the assignment, substantially as charged in plaintiff's petition. He avers that plaintiff and defendants are all residents of the state of New York; that plaintiff had actual notice of the execution of the two conveyances; and that the deed to him in fee-simple was duly filed in the office of the recorder of deeds of Wapello county. He alleges that the laws of the state of New York, under which the assignment is valid, are applicable thereto, and that the rights of the parties must be determined by the laws of that state. He further alleges that plaintiff became his

security upon a bond given under the law of the state of New York for the faithful performances of his duties as assignee, and that plaintiff presented his claim to defendant, based upon the indebtedness which is the foundation of the judgment he now seeks to enforce, for allowance, and objected to the allowance of the claim of one of the preferred creditors, and requested and obtained permission to contest it, and a time was fixed therefor; but, upon the final hearing of his objections, he failed to appear, and the preferred claims were allowed. Defendant further alleges that he has sold portions of the property transferred to him by the assignment, but it is not shown that the property attached by plaintiff was so conveyed. Upon these grounds defendant alleges that plaintiff is estopped to dispute the validity of the deeds of assignment, and to set up any claim in this action against the rights of defendant. The claim filed by plaintiff with the defendant as assignee, referred to above, was based upon the judgment which is the foundation of the judgment in the district court of Wapello county sought to be enforced in this action, and upon other indebtedness specified in the claim. But the plaintiff explicitly sets out in the claim that the action in the Wapello district court had been commenced thereon, and the lands in question had been seized upon an attachment issued in that action, and shows that judgment therein had not been entered when the claim was filed. He declares in the claim that it will be credited for the amount realized from the lands attached in that suit. He makes other statements touching securities, and proceedings to secure the other items of indebtedness upon which the claim is based.

The plaintiff demurred to the answer of defendant, on the grounds (1) that the assignment, as shown by the petition, is void under the laws of Iowa, which are applicable thereto, and control the rights of the parties, for the reason that it gives preference to creditors; (2) the answer sets up no facts which raise an estoppel affecting plaintiff's right to subject the property attached to his judgment.

II.   In our opinion the district court rightly sustained plaintiff's demurrer to defendant's answer.   This court held, twenty-eight years ago, that the validity of an assignment of real property situated in this state, for the benefit of the creditors of the assignor, made in another state, must be determined by the laws of this state; and, if such assignment gives preference to creditors, it is void as to the real property within this state conveyed by the assignment.   *Loving v. Pairo*, 10 Iowa, 282.   This decision is based upon the familiar rule of the law that the validity of conveyances of real estate must be determined by the *lex loci rei sitæ*.   The fact that the plaintiff and defendants were all residents of New York does not modify the rule, and require the application of the law of that state to the transaction.   It has been held that it would not have this effect in a case wherein the right to personal property was involved.   The same or stronger reasons require the application of the rule to cases involving the title of real estate.   *Green v. Van Buskirk*, 7 Wall., 139; *Hervey v. Rhode Island Locomotive Works*, 93 U. S., 664; *Warner v. Jaffray*, 96 N. Y., 248; *Osborn v. Adams*, 18 Pick., 245.   The deed of assignment and the deed in fee, executed by Church to Smith on the same day, and conveying the real estate levied upon under the attachment, are to be considered together as an assignment for the benefit of creditors. · *Cole v. Dealham*, 13 Iowa, 551; *Burrows v. Lehndorff*, 8 Id., 96; *Osborn v. Adams, supra.*

*1. CONFLICT of laws: assignment for benefit of creditors : assignment in New York: property in Iowa.*

*2. ASSIGN- MENT for benefit of creditors: several deeds.*

III.   Code, § 2115, provides that " no general assignment of property of an insolvent, or in contemplation of insolvency, for the benefit of creditors, shall be valid, unless it be made for the benefit of all his creditors in proportion to the amount of their respective claims."   The assignment in this case covered all the property of Church.   It was therefore general, and, under this statute, is void.

IV.   We think the facts set up in the answer to show an

estoppel fail of that effect.   The assignment was valid under the laws of New York, and transferred to Smith all property found in that state.   The plaintiff was bound to recognize its validity to that extent. He was entitled to all the benefits bestowed upon him by the assignment.   The facts that he had notice of the assignment, and became the surety of the assignor, or even assented to the assignment, cannot be regarded as showing his recognition of and assent to the assignment, so far as it covered property not in the state of New York.   To that extent he was bound to recognize its validity, and these acts extended no further.   In the claims he filed with the assignee he expressly reserves his rights secured under the laws of Iowa, and claims only the balance which should be due on his claim after exhausting the Iowa lands.   This the law of New York would doubtless secure to him.  . Unquestionably he would be entitled to a distributive share of whatever money should remain after payment of the preferred creditors, even though his claim may have been diminished by avails realized in his proceedings to subject the Iowa lands.   There is nothing to show that he waived his rights to enforce his claim against these lands, or that he admitted that the assignment covered them.   On the contrary, he shows that he relied upon his action against Church to subject these lands to the payment of his claim.   We discover nothing in the case which raises an estoppel against him. He did not act, and made no declaration, which could have induced action upon the part of defendant to abandon his claim to the validity of the assignment, or in any manner to change his position or condition.   In fact, nothing of the kind is shown or claimed.

These views dispose of all questions in the case.   The judgment of the district court is

AFFIRMED.

*Margin note: 3. ———: valid in New York—invalid in Iowa: estoppel of New York creditors to insist on invalidity in Iowa.*