Henderson & Co. v. Schaas.

## C. M. Henderson & Co.

### v.

## D. Schaas et al.

*Attachment — Garnishment — Insurance Companies — Assignment by Debtor—Dividend—Payment to Attaching Creditor.*

1. A voluntary assignment with preferences, made in another State by a resident thereof, is not operative to convey the title to property in Illinois.

as against creditors of the assignor residing in this State, who are seeking by attachment in the courts here to subject such property to payment of their debts.

2. Insurance companies having agencies in this State are liable as garnishees of non-resident creditors under policies upon which payments are due through the occurrence of fires, although by the terms thereof they are payable in another State.

3. In the case presented, this court holds that the presentation of plaint. iffs' claim to defendant's assignee in Montana and the receipt of a dividend thereon. did not estop them from prosecuting an attachment suit instituted in this State and that the judgment against them can not stand.

[Opinion filed December 24, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. JAMES A. FULLENWIDER, for appellants.

Mr. THOMAS BATES, for appellees.

MORAN, J.   The appellee, D. Schaas, was a retail merchant at Helena, Montana, and was indebted to the firm of C. M. Henderson & Co., of Chicago, appellants, in the sum of $541 which debt was due about June 1, 1888, and was at that date sent by appellants to a firm of attorneys at Helena for collection.   On June 6, 1888, the stock of Schaas was destroyed by fire, and afterward, on the same day, he made an assignment to one Kleinschmidt, at Helena, for the benefit of creditors, which assignment contained certain preferences.   On July 17, 1888, appellants commenced this suit, by attachment, against Schaas, and the appellee insurance companies were served as garnishees, and such proceedings were had that on October 8, 1888, appellants took judgment against Schaas, and that November 19, 1888, the Commercial Union Assurance Company filed its answer as garnishee, admitting an indebtedness due to Schaas or his assignee of $483.33, and the Imperial Fire Insurance Company answered, admitting $161.11 due; and each of said companies set up the voluntary assignment of Schaas as a reason why they should not be compelled to

pay the money to appellants.  On April 12, 1889, Klein-schmidt was permitted to file an intervening petition, in which he set up the assignment to him by Schaas, dated June 6, 1888, and that on September 13, 1888, the attorney to whom appellants had sent their claim against Schaas presented the same to said assignee, at Helena, and he afterward paid to said attorneys for appellants a dividend of fifteen per cent, amounting to $80.93.  There was a demurrer to the inter-vening petition by appellants, which was overruled, and mo-tions for judgment against the garnishees on the answers, but such motions were denied by the court, and the matter was tried by the court without a jury, and a finding in favor of the assignee, and judgment that the garnishees pay over the money due on the policies to him.  Appellants on the trial denied that their attorneys at Helena were authorized or directed to present their claim against Schaas to the assignee, but they admitted the receipt of $80.93 from said attorneys to apply on said claim, and they tendered said amount in currency to the assignee in open court, but he would not receive it, and they offered to credit that amount on the judgment against Schaas.

It is well settled that a voluntary assignment, with prefer-ences, made in another State by a resident thereof, is not operative to convey the title to property in Illinois as against creditors of the assignor residing in this State, who are seek-ing by attachment in the courts here to subject such property to payment of their debts.    Heyer v. Alexander, 108 Ill. 335; May, assignee, v. First National Bank of Attleboro, 122 Ill. 551.

The garnishee insurance companies had agencies and were doing business in this State, and were therefore, as corpora-tions, resident here, and liable here as garnishees of their non-resident creditor; and though by the terms of their respect-ive contracts the payment of their said creditor was to be made in Montana, yet in contemplation of law the debt was due here.    Roche et al. v. Rhode Island Insurance Associa-tion, 2 Ill. App. 360, and cases there cited.

The foregoing propositions are not seriously controverted

by appellee's counsel, but he insists that appellants' attorneys having presented their claim to the assignee, Kleinschmidt, in Montana, and having received a dividend from him upon it, which dividend appellants retained until the trial, they have assented to and confirmed said assignment, and are, therefore, estopped from denying its validity, and are bound by it.

We think this contention of appellee is answered adversely to him in the case of Yates v. Dodge, 123 Ill. 50, where it is held that the fact that an attaching creditor filed his claim with the assignee of the debtor and received a dividend upon it from the general assets of the estate in the hands of the assignee, made no difference as to his right to proceed in the attachment suit, and subject the attached property to the payment of his debt. The dividend would be applied in reduction of his claim, and the surplus of the proceeds of the sale of the attached property, after paying the claim thus reduced, would belong to the assignee for the purposes of the assignment. There are no facts in this case which distinguish it so far as regards the application of the same principle, from Yates v. Dodge.

The receipt of the dividend in Montana, constituted no estoppel against appellants. Their action in doing so induced no party to this litigation to change his position or condition, or to forego the enforcement of any right. Moore v. Church, 70 Ia. 208, and Francis v. Evans, 69 Wis. 115, are in harmony with Yates v. Dodge.

The Circuit Court erred in rendering judgment in favor of the assignee on the interpleader, and the judgment will be reversed and the cause remanded with directions to credit the dividend received by appellants upon their judgment against Schaas, and to render judgment in favor of appellant, and against the garnishees on their answers, and if there shall remain a surplus after the payment of costs and the satisfaction of appellants' claim, the same will be paid over to the assignee.

*Reversed and remanded with directions.*