## Long et al., Appellants, v. Girdwood et al.

*Foreign attachment—Assignment for benefit of creditors by non-resident—Priority of lien—Comity.*

A resident of a foreign state cannot, by a writ of foreign attachment in this state, obtain a preference over an assignment or sequestration for the benefit of creditors of the estate of a citizen of another foreign state. The rule rests on comity between states and the only exception is in favor of our own citizens.

*Notice of assignment by recording—Act of 1855.*

Failure to record the assignment in this state as provided by the Act of May 3, 1855, P. L. 415, will not give priority to such foreign attachment, as the Act was passed for the protection of domestic creditors alone: Bacon v. Horne, 123 Pa. 452, applied; Warner's Ap., 13 W. N. 505, distinguished.

*Proof of foreign assignment—Striking out evidence.*

Where proof of the fact of sequestration or assignment for benefit of creditors in a foreign state consists of a certified copy of the act and warrant of confirmation of the trustee of the sequestered estate, showing that the trustee had power to recover the effects of the estate, and the certifi-

cate of the consul stating that the act and warrant was evidence of the
title of the trustee to the property wherever situate, admitted by agree-
ment of counsel, it is not error for the court to refuse to strike it out.

*Fraud on attaching creditor—Evidence.*

In foreign attachment, where the question is whether property which
had been previously assigned for the benefit of creditors, was attachable,
evidence as to fraud on the attaching creditor, in the inception of the debt,
is inadmissible.

Argued Jan. 18, 1892.    Appeal, No. 181, July T., 1891, by
plaintiffs, from judgment of C. P. No. 1, Phila. Co., March T.,
1885, No. 9, on verdict for defendant.    Before PAXSON, C. J.,
STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and
HEYDRICK, JJ.

Foreign attachment, attaching moneys due defendants.

The facts appear by the opinion of the Supreme Court.
Plaintiffs testified that they were citizens of the United States,
one of Missouri and the other of New York, although domicil-
ed and in business in Canada for many years.

By agreement of counsel, defendants offered a certified copy
of the act and warrant of confirmation, by the sheriff in Scot-
land, of the trustee of defendant's estate, certifying that said
estate, wherever situate, was transferred to the trustee, in terms
of bankrupt Acts, recited by dates, and that he thus had full
right and power to sue for and recover all estates, effects, debts
and money belonging or due to the said estate.    Signed by the
sheriff, certified to be a true copy by the sheriff's clerk, and
authenticated by a judge of the court of session.    A certificate
of the genuineness of the signatures of the clerk and judge
was appended, signed by the vice and deputy consul of the
United States at Glasgow.    The consul's certificate further
certified that " the said act and warrant is, by the law of Scot-
land, evidence of the right and title of the trustee therein named
to the sequestrated estates therein mentioned wherever situated,
and the authentication thereon by one of the judges of the
court of sessions entitles the said act and warrant to be re-
ceived in all courts and places within England, Ireland and her
majesty's other dominions as prima facie evidence of the title
of the trustee without proof of the authentication of the signa-
tures or of the official character of the persons signing."    Plaint-
iff objected to the receipt of this certificate in evidence, on

the ground that the whole record must be offered or none, and subsequently [moved to strike it out, which the court refused to do.] [3]

Plaintiff offered in evidence a letter from one Murfitt, agent of defendants, to counsel for plaintiff, tending to show fraud practiced upon plaintiff by defendant in the transaction out of which the claim arose. Objected to as immaterial, objection sustained and exception. [2]

Defendants offered in evidence certain depositions tending to show knowledge on the part of the plaintiffs of an assignment under bankruptcy proceedings prior to the impetration of the writ of foreign attachment; objected to as immaterial, objection overruled and exception. [1]

Plaintiffs submitted the following points, which were refused:

" 1. It not having been shown that the Scottish Bankrupt Act is in force in the province of Ontario, and thereby obtains jurisdiction over plaintiffs by reason of said plaintiffs doing a portion of their business there, the verdict must be for plaintiffs for all the money of defendants in the hands of the garnishees, less a fee to their attorney, if said money is insufficient to pay plaintiffs their judgment. [6]

" 2. The bankrupt law of a foreign country cannot operate a legal transfer of property in the United States (Harrison v. Sterry, 5 Cranch, 289), and plaintiffs had therefore a right to issue their attachment in Pennsylvania, and the verdict must be for plaintiffs for all the money of defendants in the hands of the garnishees, less a fee to their attorney, if said money is insufficient to pay plaintiffs their judgment. [7]

" 3. The assignee or bankrupt sequestrator of foreign debtors has no right to withdraw the debtors' effects from this country until our own citizens are satisfied (Milne v. Moreton, 6 Binney, 353 ; approved Warner's Ap., 13 W. N. 505); and it having been established that plaintiffs are citizens of the United States, (Missouri and New York) the verdict must be for the plaintiffs for all the money of defendants in the hands of the garnishees, less a fee to their attorney, if said money is insufficient to pay plaintiffs their judgment. [8]

" 3½. If the jury believe from the evidence that the debt of plaintiffs in judgment was fraudulently contracted and that

plaintiffs, in paying defendants' draft, which created the debt, relied on the agreement of defendants' agent, Murfitt, to protect plaintiffs in payment of defendants' said draft, by the wool in Boston and the cash in Philadelphia, then the verdict must sustain plaintiffs' attachment against the cash in Philadelphia in garnishees' hands and said verdict must be for plaintiffs. [9]

" 4. Under all the evidence, the jury must find for the plaintiffs for the amount of their judgment, interest and costs, less a reasonable counsel fee to the garnishees' attorney. [10]

" 5. Under all the evidence, the jury must find for plaintiffs." [11]

Defendants presented the following points, which were affirmed :

" 1. It appearing from the uncontradicted evidence in this case that on Oct. 27, 1884, Thomas Jackson was duly appointed trustee on the sequestrated estate of Girdwood & Forrest, and Thomas Forrest and William Wade Sykes, the sole individual partners of that company, as such partners and as individuals, under the laws of the United Kingdom of Great Britain and Ireland, the title to the debt due from the said defendants garnishees to the said Girdwood & Forrest passed thereby as against the plaintiffs here, to the said Thomas Jackson, trustee as aforesaid, and your verdict should be for the defendants. [12]

" 2. Under all the evidence in this case your verdict should be for the defendant." [13]

*Errors assigned*, *inter alia*, were (1) in not rejecting depositions, without quoting them or the bill of exceptions ; (2) in rejecting the letter, quoting it ; (3) in refusing to strike out certified copy of act and warrant ; (6–13) rulings on points, quoting them.

*Henry C. Terry, Owen B. Jenkins* with him, for appellants.—As to territorial extent and judicial notice of bankrupt laws : 3 Kaine's Eq. 361 : 1 Cook B. Law, 353 ; Le Chevalier v. Lynch, 1 Doug. 170 ; Bollinger v. Gallagher, 29 W. N. 89. As to relevancey of act and warrant, and that foreign bankrupt law cannot transfer property in the United States : Harrison v. Sterry, 5 Cranch, 289 ; Milne v. Moreton, 6 Bin. 353 ; Green v. Van Buskirk, 7 Wal. 139 ; Philson v. Barnes.

50 Pa. 234; Bank v. Tuttle, 17 W. N. 415; Act May 3, 1855; Warner's Ap., 13 W. N. 505. As to citizenship in Warner's Ap., see Jaffray & Co.'s Ap., 13 W. N. 151.

*Harry B. Gill*, with him *John R. Read* and *Silas W. Pettit*, for appellees.—Refusal to strike out is not reviewable: U. S. Tel. Co. v. Wenger, 55 Pa. 262. The act and warrant admitted title in the sequestrator. Such transfers are recognized by international comity; Hibernian Bk. v. Lacombe, 21 Hun, 175; Holmes v. Remsen, 20 Johns. 259; Willitts v. Waite, 25 N. Y. 584; Story, Conf. L., § 420; Milne v. Moreton, 6 Bin. 353; Upton v. Hubbard, 28 Con. 274. Although there be creditors, other than domestic creditors: Merrick's Est., 5 W. & S. 9; Lowry v. Hall, 2 W. & S. 131; Smith's Exr.'s Ap., 8 Pa. 381; Bentley v. Whittemore, 4 C. E. Gr. 462; Moore v. Bonnell, 2 Vroom, 90; Sanderson v. Bradford, 10 N. H. 265; Bagby v. R. R., 86 Pa. 291; Perkins v. Clear Spring Paper Co., 42 Leg. Int. 297. Warner's Ap., 13 W. N. 505, is overruled in effect by Bacon v. Horne, 123 Pa. 452. National character for purposes of trade depends on domicile: Wildes v. Parker, 3 Sumn. 593; Livingston v. Ins. Co., 7 Cranch, 506; The Indian Chief, 3 Rob. 12; The Harmony, 2 Reb. 322; The Venus, 8 Cranch, 253. By the law of England, such creditor, if given priority would be a trustee for the sequestrator: Hunter v. Potts, 4 T. R. 182; Sill v. Worswick, 1 H. Bl. 665; Phillips v. Hunter, 2 H. Bl. 402.

OPINION BY MR. JUSTICE McCOLLUM, July 13, 1892.

The debt for the collection of which the writ of foreign attachment was issued was contracted in a foreign country. Long and Bisby, who are the plaintiffs in the attachment and the appellants here, are, and since 1863 have been, domiciled at Hamilton in Canada and engaged in business there; the defendants in the attachment are citizens of Scotland and members of the firm of Girdwood & Forrest, wool brokers at Glasgow, which is indebted to the plaintiffs in the sum of $1,798.85; McCallum, Crease & Sloan who are the garnishees in the attachment and the appellees in this issue are citizens of Pennsylvania, doing business in Philadelphia and indebted to the firm of Girdwood & Forrest in the sum of $2,332.44. On the eleventh of October 1884 proceedings were instituted

under the bankrupt laws of Scotland for the sequestration of the estates of the firm of Girdwood & Forrest and of the several members thereof for the benefit of their creditors, and on the twenty-seventh of that month Thomas Jackson was confirmed as trustee of said estates with full right and power to sue for and recover the same wherever situated, for the purposes of the trust. Subsequent to these proceedings and with notice of them, Long and Bisby came to Pennsylvania, issued a writ of foreign attachment against Girdwood & Forrest and summoned McCallum, Crease & Sloan as garnishees.

The question presented by the facts above stated is whether the Canadian creditors of the firm of Girdwood & Forrest can by process of attachment in Pennsylvania acquire a preference over other creditors of that firm who reside in Scotland or elsewhere within the British Dominions, when the effects of the firm have been duly transferred under the laws of Scotland to a trustee for the benefit of all its creditors. Harrison v. Sterry et al., 5 Cranch, 289; Green v. Van Buskirk, 7 Wallace, 139, and Warner's Appeal, 13 W. N. 505, are cited by the appellants to sustain their contention for a preference, but these cases are not in point. In Harrison v. Sterry et al., the attachments were prior to the assignment. In Green v. Van Buskirk the main question was whether the judgment of an Illinois court in an attachment proceeding should have the same effect in New York on the title to the property attached as in the state in which it was rendered, and it was held that the judgment of a New York court which denied to the Illinois judgment this effect was erroneous. The contest was between the holders of a chattel mortgage and an attaching creditor of the mortgagor. Bates, who resided in Troy, New York, was the owner of certain iron safes in Chicago, Illinois, and to secure his indebtedness to Van Buskirk and others executed and delivered to them a chattel mortgage on the safes. Two days after the execution and delivery of this mortgage, Green, who was also a creditor of Bates and a citizen of New York, instituted attachment proceedings in Illinois by virtue of which the safes were levied upon and subsequently sold in satisfaction of his debt. At the time this attachment was issued the mortgage had not been recorded in Illinois, possession of the safes had not been delivered under it, and Green did not know of

its existence.   By the laws of Illinois the mortgage was of no validity against the rights and interests of third persons, and the attaching creditor was on the footing of a purchaser.   The proceedings were regular and under these laws a justification of the creditor in the seizure and sale of the property.   In a suit brought by the mortgagees against the attaching creditor in a New York court, for taking and converting the sales, it was adjudged on appeal to the supreme court of the United States that the attachment proceedings in Illinois constituted a valid defence.   The points covered by the judgment were that a state has the right to regulate the transfer of personal property situate within its limits and to subject the same to process and execution in its own way by its own laws, and that the decrees of its courts in conformity with these laws are conclusive in other jurisdictions.   In Warner's Appeal the attaching creditors at the time of issuing their attachment had no actual knowledge of the assignment and were therefore held to be within the protection of the proviso to the first section of the Act of May 3, 1855, P. L. 415.   It does not appear in the report of the case that they were citizens of the state in which the assignment was made and the question of comity between the states was not raised or considered.   But in Bacon v. Horne, 123 Pa. 452, it was distinctly held by this court that a resident of a foreign state, in which an assignment was made by a debtor for the benefit of his creditors, could not come into Pennsylvania and seize property of the assignor in a suit in foreign attachment.   It was stated in the case last cited that the manifest object of the Act of 1855 was to protect our own citizens, and it was plainly intimated that none but Pennsylvania creditors can invoke its protection.   It matters not whether the attaching creditor is a resident of the state in which the assignment is made or of another state foreign to this jurisdiction.   If he is a citizen of a foreign state he can receive no aid here in an effort to obtain a preference in disregard of the assignment: Lowry v. Hall, 2 W. & S. 131; Merrick's Estate, 5 W. & S. 9, and Bacon v. Horne, supra. This rule rests on comity between the states, and the only exception to it is in favor of our own citizens.

The proceedings in Scotland for the sequestration of the estates of Girdwood & Forrest were founded on the petition of

the members of the firm and are operative against all its creditors residing there. We are now asked by creditors having their domicile in another part of the British dominions to disregard these proceedings and allow them a preference upon the firm effects in Pennsylvania. This we cannot do without an abandonment of our well settled policy in such cases—a policy founded in comity and promotive of justice.

We have considered this case on the undisputed testimony which shows the facts as we have stated them, and we have allowed to the certified copy of the act and warrant appointing Thomas Jackson sequestrator, which was admitted in evidence under the agreement of the parties, the effect which on its face belongs to it. It was not error to refuse to strike out evidence so admitted.

The appellants have reduced their claim against Girdwood & Forrest to judgment, and are seeking to obtain satisfaction of it out of property which they allege belongs to the defendants therein. The appellees admit that prior to October 11, 1884, they were indebted to Girdwood & Forrest and that they have not paid the debt, but they aver that by virtue of the proceedings in bankruptcy under the laws of Scotland Thomas Jackson, the trustee, has a right to receive it which is superior to the claim of the appellants under their attachment. In the issue thus made the question is whether the debt attached belongs to Girdwood & Forrest or to the trustee for the benefit of their creditors. The evidence relating to an alleged fraud upon the appellants can have no influence in the determination of it.

The specifications of error are overruled.

Judgment affirmed.