[No. 4082.]

HEBERT *v.* PATRICK ET AL.

1. EVIDENCE—*Shifting Burden of Proof.* When the owner of an animal bailed to an agister shows the bailment, demand, and failure to return, he establishes a *prima facie* case against the agister. (205.)

If the latter, under proper pleadings, shows the escape of the animal in a manner which dispels every inference of negligence on his part, the burden shifts to the plaintiff to establish negligence. (206.)

2. AGISTER—*Liability.* An agister is not an insurer of the safe return of the animal bailed to him. He is liable only for want of ordinary care. (206.)

3. APPEALS AND ERROR—*Verdict Upon Conflicting Evidence* will not be disturbed. (206.)

4. —— *What May Be Assigned for Error.* Trial by a special jury instead
of the regular panel will not avail on appeal, where no objection thereto
appears in the record. (207.)

5. PLEADINGS—*Agreement Supplying Absence Of.* Complaint against two.
A third defendant was atferwards joined and summoned, but no complaint
was filed as against him, nor any answer from him demanded. The cause
was set for trial by agreement. Application for a default as to the third
defendant two or three days after the trial was properly denied upon the
ground that apparently any pleading on his part had been waived by agree-
ment. (206.)

*Error to Adams District Court.* HON. H. S. CLASS, Judge.

Mr. DUNCAN MCPHAIL, for plaintiff in error.

Messrs. JOHN A. RUSH, and LEWIS C. RUSH, for defend-
ants in error.

MORGAN, J.

In the lower court the plaintiff in error sued the defend-
ants in error for the value of a horse entrusted by the plain-
tiff to the defendants to pasture, as agisters, at an agreed
sum per month. The horse escaped or was stolen, and on
demand the defendants were unable to restore it to the plain-
tiff. Trial to a jury and verdict for defendants.

First, the plaintiff contends that the court erred in
instructing the jury that the burden of proof was upon the
plaintiff to prove that defendants did not use ordinary care
in keeping the horse, and in refusing to give an instruction
that the burden was upon the defendants in this respect.
Under the law of agistment, or bailment, the owner of the
animal agisted, in a suit for its value, after demand and
failure to return, may be said to make out a *prima facie* case
when he has alleged and proved the agistment, the demand
and failure to return. 3 R. C. L., Sec. 74, p. 151, citing
*Prince v. Alabama State Fair,* 106 Ala., 340, 17 So., 449, 28
L. R. A., 716; *Marlatt v. Levee Steam Cotton Press Co.,* 10
La., 583, 29 Am. Dec., 468; *Beardslee v. Richardson,* 11

Wend. (N. Y.), 25, 25 Am. Dec., 596 and note; *Schwerin v. McKie,* 51 N. Y., 181, 10 Am. Rep., 481; *Canfield v. Baltimore & O. R. Co.,* 93 N. Y., 532, 45 Am. Rep. 268. But after the agister pleads and proves that the animal escaped by jumping over a lawful fence, or was stolen, as was done in this case, or otherwise explains the loss in a way that discloses no negligence on his part, the burden shifts to the plaintiff. It is not necessary for the defendant to go further and prove affirmatively no negligence on his part, because his *prima facie* exoneration shifts the burden to the plaintiff. Schouler on Bailments, Sec. 23, 3rd Ed. The agister is not an insurer of the safety or return of the animal, but, in the event of loss, and a *prima facie* exoneration on his part, he is only liable on proof of negligence or want of ordinary care. I R. C. L., 1079, Sec. 20, citing *Arrington v. Fleming,* 117 Ga., 449, 43 S. E. 691, 97 A. S. R., 562, 26 L. R. A., 366 and note. It follows, from the foregoing authorities, that there was no error in this respect. The only negligence referred to in the testimony was as to the character and condition of the fence, and as the evidence was quite conflicting thereupon, the verdict of the jury will not be disturbed.

Second, the plaintiff contends that the lower court erred is not entering judgment by default against one of the defendants who, it is claimed, did not file any answer. This contention is without merit. The action was begun without making this defendant a party; but after the answer was filed by the other two defendants, this defendant was made a party and summons was served upon him, but no further complaint was filed in the action; and, as it was stipulated that the case might be set for trial, and no objection was made as to the lack of a complaint or answer as to this defendant, and no application was made for default until two or three days after the trial, it seems plain that the action was tried against all three of the defendants without requiring any complaint against the third defendant or any

answer on his part, the pleadings between the other parties being regarded no doubt as sufficient for all three defendants.

Third, plaintiff contends that the judgment should be reversed because the trial was had before a special jury instead of the regular panel; a sufficient answer to this contention is, that no objection or exception appears in the record concerning the matter; nor to indicate that the plaintiff was prejudiced thereby. It is true the plaintiff in error has inserted in the assignment of errors and in the printed abstract of the record that the case was tried by a special jury without his consent and over his objections and exceptions, but there is nothing of this sort in the record.

*Judgment Affirmed.*

Decided March 8th, A. D. 1915. Rehearing denied April 12, A. D. 1915.