# CONTINENTAL OIL CO. v. AMERICAN CO-OP. ASS'N.

(No. 1120, July 29th, 1924; 228 Pac. 503.) ·

PLEADING—RECEIVERS—COMITY—AUTHORITY OF FOREIGN RECEIVER—PURCHASE OF GOODS FROM FOREIGN RECEIVER—ESTOPPEL BY FILING CLAIM WITH FOREIGN RECEIVER—ELECTION OF REMEDIES—COURTS.

1. In an action to have defendant declared a receiver for the value of goods purchased from an insolvent in violation of the bulk sales law, in which defendant was garnished and his realty attached, defendant set forth his defense in writings, designated original and amended "disclosures" which for purposes of the trial were treated as a joinder of issue on all matters involved in the controversy, held that plaintiff could not thereafter challenge the sufficiency of defendant's "disclosures" as an answer and defense, in view of Section 5708 C. S. authorizing the court to disregard any error in the pleadings or proceedings which do not affect substantial rights of the parties.

2. A receiver appointed in one state, though he has no title to property located in another state, simply by virtue of his appointment may, by comity, be permitted to recover possession of property in such state, provided no citizen or suitor thereof is prejudiced, and no public policy of such state is violated.

3. Where defendant was in possession of property which he had purchased from receivers of an insolvent, being in privity of a contract with them, he had a right thereto which he could defend against all parties having no better title, and which he could set up as an estoppel against rights of a creditor of an insolvent.

4. A creditor, who has filed proof of his claim in an assignment for benefit of creditors, is estopped from afterwards denying validity of the assignment.

5. Plaintiff having filed its claim with the receiver of an insolvent in another state and thus placed itself on an equal footing with other creditors enjoined from enforcing their claim otherwise than through said receivership, is bound by the doctrine of the election of remedies, and not entitled to an attachment lien upon property of the insolvent in this state.

Appeal from District Court, Niobrara County; William A. Riner, Judge.

Action by the Continental Oil Company against the American Co-operative Association, a corporation and J. W. Clark to establish a trust under the bulk sales law; J. W. Clark and O. I. Stenger were also garnished. From a judgment for plaintiff awarding unsatisfactory relief and an order holding Stenger as garnishee, plaintiff appeals.

*M. H. Neil & Smith, Brock & Crass* for appellant.

Appellant is entitled to judgment upon default; the paper called a "disclosure" filed by Clark was not intended as an answer in the case or to the garnishment, 5659 C. S.; attachment and garnishment are separate proceedings, Carty v. Fenstemaker, 14 O. S. 457, 28 C. J. 21; the action was to create a trust, 27 C. J. 875; the attachment proceedings were separate and distinct, Elliott v. Mitchell, 3 Greene 237; Bundrem v. Denn, 25 Kans. 430; Stutzner v. Printz, 43 Nebr. 306; an unverified answer is not a pleading, Johnson v. Dixon Co., 29 Cal. App. 52; Riley v. College, 118 Ga. 849; default should have been entered, Hurlburt v. Straub, 54 W. Va. 303; Ins. Co. v. Moreland, 60 Fla. 153; U. S. v. County, 122 U. S. 306; Buck v. Co., 254 Ill. 198; 5887 C. S., suit was brought under the bulk sales law, 4720 C. S.; Clark was merely a receiver, Hartwig v. Rushing, 93 Ore. 6; Fitz Henry v. Munter, 33 Wash. 629, 27 C. J. 885; dismissal of petition as against Clark was void, Metcalf v. Hart, 3 Wyo. 513, 23 Cyc. 684; judgment of estoppel against plaintiff was void; Clark did not intervene; he was not entitled to relief, 6 C. J. 387; the Wisconsin Court had no jurisdiction over Wyoming property and attachment thereof was proper, Frowert v. Blank, (Pa.) 54 Atl. 1000; Catlin v. Wilcox, 123 Ind. 477; Bank v. LaCombe, 84 N. Y. 367; Haine v. Lester, 44 Conn. 196; foreign receivers are without standing as against local creditors, Reynolds v. Adden, 136 U. S. 348; Zacher v. Co., 59 S. W. 493; Smith v. Berz, 125 Ill. App. 122; estoppel must be pleaded, Lell-

man v. Mills, 15 Wyo. 149; the doctrine of election of remedies does not apply 20 C. J. 6; Clark on Receivers, page 755.

*Edwin L. Brown* and *Kinkead, Ellery & Henderson,* amicus curiae.

The Co-operative Association was not made a party to the appeal and this defeats jurisdiction; In re Laramie River, 192 Pac. 680; Barkley v. Schaff, 193 N. W. 267; Contin. Co. v. Gue, 98 N. W. 147, Steele v. Million, (Okla.) 155 Pac. 495; Lewis v. Stittel, 165 Fed. 157; judgment in the attachment proceedings was final and appealable, Smith Co. v. Casper Co., 5 Wyo. 510; as was also the judgment in the main case; appellant waived its right to judgment by default, Madison v. Co., 99 Pac. 176; Hebert v. Patrick (Colo.) 146 Pac. 190; Bank v. Kenyon (Colo.) 163 Pac. 869; Medical Co. v. Mayberry, (Tex.) 193 S. W. 199; errors and defects not affecting substantial rights are disregarded, 5708 C. S.; the bulk sales law does not provide an equitable remedy, Hartwig v. Rushing, (Ore.) 182 Pac. 177; Rothchild v. Trewella, (Wash.) 79 Pac. 480; Rubinsky v. Spiro, 113 N. Y. S. 852; Klein v. Maravelas, 152 N. Y. S. 584; Smith Co. v. Goldner, (N. J.) 113 Atl. 487; In re Perman, 157 N. Y. S. 971; the bulk sales law does not apply to sales by receivers, Bank v. Sterrett, 246 Fed. 753; Bernheimer v. Converse, 51 L. ed. 1163; in the absence of a bill of exceptions the court will assume the evidence below to have been sufficint to sustain the judgment, Tozer v. Hobb's Estate, 137 N. E. 715; Bank of Chadron v. Anderson, 7 Wyo. 441; a foreign receiver may possess himself of assets and defend his title, Lewis v. Co. 119 Fed. 391; Lew Moy v. U. S., 164 Fed. 322; especially where the order of appointment directs him to take possession, Bank v. McCloud, 38 O. S. 174; Boyles v. Co., 216 Ill. App. 576; Catlin v. Wilcon Co. supra; the principle of comity also applies, High on Receivers, 4th Ed. 68; foreign creditors may not procure preference over other foreign creditors by attachment, Witters v. Bank, 50 N. E. 932, DeMattos v. Ry. Co., 55 So.

832; judicial sales are excepted by Section 4721 C. S.; Bowen v. Quigley, (Mich.) 130 N. W. 690; there was no attachment levy, Laws 1921, Chap. 14; 6 C. J. 220; the statute must be observed, Weiss v. Ahrens, 135 Pac. 987.

*M. H. Neil & Smith, Brock & Crass* in reply.

No evidence was submitted below, none could be presented in the appellate court; the trial court sustained the attachment; there was no judgment in Clark's favor; title to goods transferred in violation of the bulk sales law passes to transferee until divested by a proper proceeding, 27 C. J. 887; property attached did not belong to a judgment creditor, Iverson v. Bradrick, 104 Pac. 130; the foreign receiver had no title to property not in his possession, Sands v. Greeley Co., 88 Fed. 130; appellant excepted to the dismissal of the attachment on the real estate; the term property includes real estate, 32 Cyc. 648.

BLUME, Justice.

This is an action brought on January 26, 1922, by the Continental Oil Co., a Colorado corporation, against the American Co-operative Association, a corporation of Wisconsin, and J. W. Clark. The petition alleges that in the year 1919 plaintiff sold and delivered to said Wisconsin corporation goods, wares and merchandise of the value of $817.10; that said Wisconsin corporation was engaged in the general mercantile business at Van Tassell, Niobrara County, Wyoming; that subsequently said Wisconsin corporation sold its said store and general mercantile business, including all goods, wares and merchandise in connection therewith, to defendant J. W. Clark, who is now in possession thereof; and that said sale to Clark was made, without complying with the bulk-sales law of this state. Plaintiff asks a judgment against said Wisconsin corporation for the value of said goods, and that said defendant Clark be declared a receiver and held accountable to plaintiff for the goods, wares and merchandise bought of said Wisconsin corporation as aforesaid. A summons was issued, in said

cause and personally served on said defendant Clark. An Affidavit of attachment also was filed, said defendant Clark was garnished and lots 8, 9 and 10 in Block 9 of the Pioneer Townsite's first addition of the town of Van Tassell, Wyoming, was levied upon. One O. I. Stenger, of Van Tassell, Wyoming, was also garnished. The garnishee O. I. Stenger answered, admtiting that he had in his possession certain promissory notes belonging to said Wisconsin corporation, but he did not deny the right of the plaintiff in said cause to sequester the property in his possession. The defendant Clark, however, filed, on March 2, 1922, what he denominated a "disclosure." A so-called "amended disclosure" was filed by him on April 6, 1922. Both the disclosure as well as the amended disclosure purport to be filed under oath by "J. W. Clark, garnishee defendant." In the amended disclosure said defendant Clark sets forth the property formerly belonging to the Wisconsin corporation which came into his possession, including certain personal property as well as the real estaate hereinabove mentioned; that the said property was sold to him on June 24, 1921, by the receivers of the American Co-operative Association for the consideration of $4000, of which $100 has been paid in cash and $400 by promissory notes; that said property was delivered to him and that he went into possession thereof pursuant to said sale. It is further alleged: That pursuant to an order and judgment of the Circuit Court, within and for the County of Milwaukee and State of Wisconsin, in an action wherein the Jung Shoe Company is plaintiff and the American Co-öperative Association is defendant, Thomas Nimlos and Julius J. Goetz, of the City of Milwaukee, Wisconsin, were appointed Receivers of the said American Co-operative Association and that by virtue of said order and judgment all of the assets of the American Co-operative Association were sequestered for the benefit of all the creditors of the said Association and said Receivers were authorized and directed to take charge and possession of all its property, real and personal, wheresoever situated, with the

usual powers and duties of Receivers in such cases; that said order and judgment required the said Receivers to execute a bond for the faithful performance of their said duties, in the penal sum of fifty thousand dollars; that said Receivers executed such bond, which was duly approved by the Clerk of said Circuit Court on or about the 19th day of October, A. D. 1920; that on or about said date said receivers took the required oath, as such Receivers, and they now are, and ever since about said date have been, the duly appointed, qualified and acting Receivers of the said American Co-operative Association; that by virtue of said order and judgment all of the creditors of the said American Co-operative Association were enjoined and restrained from taking or pursuing any proceedings either in law or equity against the American Co-operative Association, except in said action in said Circuit Court; that said order and judgment required the said Receivers to publish notice in a newspaper in said City of Milwaukee for at least four successive weeks and to mail to each and every creditor a copy of said notice, notifying said creditors of the proceedings in said Circuit Court, which notice was to require all creditors of the American Co-operative Association to exhibit their claims in said court, by filing with the Clerk thereof, within six months from and after the first day of November, A. D. 1920, proof of claims, and requiring all such creditors to become parties to said proceedings and in default therof to be precluded from all benefit of the judgment and distribution of assets that shall be made in said action in said Circuit Court; that upon information and belief this affiant alleges that, pursuant to said notice, order and judgment, the Continental Oil Company, plaintiff herein, long before this action herein, filed its claim with the Clerk of said Circuit Court, in said case, and became a party thereto, and that said claim so filed was duly approved and allowed long prior to the institution of this action.

No answer was filed to the ''disclosures'' and no motion or pleading of any kind directed against them.  On May

26, 1922, the cause came on for hearing "upon the disclosure of J. W. Clark and O. I. Stenger, garnishee defendants," and the court finding that there was no traverse or answer to said disclosure and that the statements in said disclosure were true, ordered that the plaintiff

"is estopped from proceeding at law in this action against the American Co-operative Association and is estopped from levying upon and selling in satisfaction of any judgment that may be entered herein any of the property, either real or personal, that has been attached in the hands and possession of J. W. Clark under and by virtue of his contract to purchase, and the court finds that there is no liability of J. W. Clark, as garnishee herein, to the plaintiff, and it is ordered and the judgment of this court is that the said J. W. Clark be and he is hereby discharged and released from any further liability as garnishee defendant in this action; and the Writ of Attachment served and by virtue of which the plaintiff attempted to hold said property in the possession of the said J. W. Clark is hereby released and dissolved as to said Clark and said property."

On June 21, 1922 the court entered a judgment in favor of the plaintiff against said American Co-operative Association for the amount claimed in the petition, and holding said O. I. Stenger as garnishee of said defendant. From the order and judgment entered on May 26, 1922, as aforesaid, the plaintiff has appealed.

1. We are met at the threshold of this case with a number of objections in connection with the procedure taken in this case. No other defense was interposed by the defendant Clark except as hereinbefore mentioned, and it is claimed that his "disclosures" do not constitute an answer to the petition herein, and that hence it stands admitted in the case that said Clark should be held as trustee to the extent of the value of the personal property which he bought, as alleged, of the Wisconsin corporation; further, that in order for the defendant Clark to have any claim upon the

real estate attached herein, he should have filed a petition of intervention, which he failed to do, and that hence no defense of any kind exists against the attachment thereof. The personal property which the defendant Clark claims to have bought of the receivers of the said Wisconsin corporation was evidently sought to be reached by two methods, the correctness of which need not be determined in this case, viz: first, by asking in the petition that he be declared a receiver or trustee to the extent of the value thereof; second, by garnishing him as a debtor of the Wisconsin corporation. The object and purpose sought to be attained by these methods was evidently the same. While, strictly speaking, Clark should, no doubt, have filed an answer to the petition as well as an answer as garnishee, it seems that the so-called "disclosures" filed by him were considered as raising an issue both as to the allegations contained in the petition in so far as they related to defendant Clark, as well as to the garnishment proceedings against him. The attachment proceedings as to the real estate had, of course, nothing to do either with the question of holding Clark as trustee or as garnishee, and while it was unnecessary for Clark to intervene in the action, inasmuch as he had already been made a party defendant, it would have been proper for him, in order to protect his rights as to the real estate, to file an affirmative claim in the action by way of answer or cross-complaint to the petition, or by setting up his rights in some other appropriate manner. The disclosures filed in this action, however, seem to have been treated by the court as sufficient to raise an issue relating to the real estate as well as to the personal property. No motion was made for judgment upon the pleadings, no motion filed to strike from the so-called disclosures the allegations in regard to the real estate, and so far as we are able to determine from the record before us, these disclosures seem to have been treated by all of the parties as sufficiently raising the issue attempted to be presented by said defendant Clark in defense of his rights in both the personal as well as real property. It is

of course immaterial what a pleading is called, whether a
disclosure, answer, or something else. The "disclosures"
purport to be filed by said Clark as "garnishee defendant,"
thus indicating that they were filed by him not only as gar-
nishee, but also as a defendant in said cause. The allega-
tions as to the real estate were, as hereinbefore indicated,
proper only to be made in an answer or cross-complaint or
other pleading to the petition, and there is no more reason
for this court to consider the allegations made in the dis-
closure and amended disclosure solely as an answer by
Clark as garnishee, than as an answer to the petition. True,
the so-called disclosure contains no prayer, and asks for no
affirmative relief. This, however, is not fatal. National
Foundry & Pipe Works v. Water Supply Co., 105 Wis. 48,
81 N. W. 125. Clark had only one defense, based upon one
state of facts. If that defense was good, it absolved him as
trustee and garnishee and also protected him in his posses-
sion of the real property. To file the same pleading two or
more times in the same case would not raise the issue any
more effectively than to file it only once. Two or more
hearings or trials of the same issue would, obviously, have
uselessly taken up the time of the court. It was highly
proper, under these circumstances, that the rights of Clark
should be determined at one hearing, and it would seem
that if appellant did not consider that the issue raised by
Clark was sufficient for all purposes, it would have in some
manner indicated that to the court. But this it failed to do.
In the case of Hebert v. Patrick, 27 Colo. App. 204, 146
Pac. 190, a complete want of answer on the part of one of
the defendants was excused and no judgment given against
him because of the attitude of plaintiff. See also Stevens
v. Fitzpatrick, 218 Mo. 708, 118 S. W. 51; Blalock v. Black-
sher, 11 Ala. App. 545, 66 So. 863. Section 5708, Wyo. C.
S. 1920, directs that the court must disregard any error or
defect in the pleadings or proceedings which does not af-
fect the substantial rights of the parties, and that no judg-
ment shall be reversed or affected by reason of such error

or defect. The appellant made no objection to the method
taken in disposing of the one issue in this case, and hence
we are unable to see where any of its substantial rights
were adversely affected by reason of the fact that the issue
tendered by Clark was not tendered differently.

2. It is claimed that the appointment of the receivers of
the Wisconsin corporation by the court in Wisconsin has
no extra-territorial effect; that the title of the property sit-
uated in this state did not vest in the receivers by virtue of
the order of said Wisconsin court, and that hence said re-
ceivers were not able to convey any of said property to said
defendant Clark as against the rights of this attaching
plaintiff. It is doubtless true that common-law or court re-
ceivers, such as the receivers in this case appear to have
been, acquire no right by virtue of their appointment to
sue in this state except only as they may be permitted by
the courts in this state to do so under the principle of com-
ity, and that a court has no power to appoint a receiver
of property outside of its own jurisdiction. Tardy's Smith
on Receivers, Section 712. But we are living in a commer-
cial age. Freedom in business relations between the citi-
zens of the various states is for the best interest of all. And
the constant tendency of the courts is or ought to be to-
wards a more liberal policy in recognizing a receiver's right
to the possession of the property embraced by the decree ap-
pointing him, although situated without the jurisdiction of
the court making the appointment. Lewis v. American
Naval Stores Co., (C. C.) 119 Fed. 391, 397. A receiver,
therefore, appointed in one state, though he has no title to
property located in another state simply by virtue of his
appointment, may by comity be permitted to take or re-
cover the possession of property in another state, provided
no citizen or suitor of the latter state is thereby prejudiced
or ignored, and no public policy of the latter state is vio-
lated. Fletcher, Cyc. of Corp., Section 5836. The appoint-
ment of a receiver of its own force gives him the right to
take possession of the property, although it confers upon

him no power to compel the recognition of that right out-
side of the jurisdiction of the court making the appoint-
ment.   Seaboard Air Line R. R. v. Burns, 17 Ga. App. 1,
86 S. E. 270.   And if he actually reduces property located
in another state to his possession he acquires certain rights
which he is entitled to protect.   In Sands v. Greeley & Co.,
88 Fed. 130, 31 C. C. A. 424, it was said:

"When property in another state has actually been re-
duced to his possession, he can stand upon his possessory
title and defend his rights against all others who cannot
prove a better title.   It is only when he is compelled to re-
sort to the courts to obtain possession of assets that he must
rely upon that principle of comity upon which alone his
title rests."

And in Pomeroy's Equity Jurisprudence, 4th Ed., Vol-
ume 4, page 3896, Section 1674, it is said:

"If the receiver has obtained possession, his possession
should be protected.   His possession is in the nature of a
property right, and is held so to be almost universally."

See also Lett v. Kirkpatrick, Receiver, 15 Pa. Co. Ct. 212.
Whether or not this rule should apply to give him any
rights over a local creditor need not be determined.   But it
is clear that a receiver who has obtained possession of prop-
erty in this state has a possessory title which he should be
able to defend against all other creditors having no better
right thereto.   The defendant Clark, in this case, alleges
in his so-called disclosure that he has purchased the prop-
erty mentioned from the receivers.   He is in privity of con-
tract with them.   The property having been delivered to
him by the receivers, implies that they had previously taken
possession thereof.   In any event, Clark is in possession,
and being in privity of contract with the receivers, it would
seem clear that he has a right thereto which he should be
able to defend against all parties having no better title, and

he should, accordingly, be permitted to set up an estoppel or bar, against the rights or claimed rights of the plaintiff herein. See 6 C. J. 434, 435, Sections 1005, 1006 and 1011 and cases there cited.

3. According to the allegations contained in the disclosures, plaintiff filed its claim with the receivers in Wisconsin prior to the commencement of the attachment herein, and such claim was allowed. In the case of In the Matter of the State Bank of Buffalo, 10 Page (N. Y.) 378, 382, it is said:

"Creditors who are not nominal parties to the suit may make themselves such parties in fact by coming in and presenting their claims to the master under the decree and by submitting themselves to the jurisdiction of the court, for the settlement and adjustment of their respective claims upon the fund, as directed by the decree or order under which such claims are presented. A creditor who comes in and makes his claim under such decree is quasi a party to the suit, and is entitled to the benefit of the decree as such party. And he may be restrained from proceeding at law for the recovery of his debt, after he has made his election to proceed in this court for the recovery of his debt under the decree."

And in Herman on Estoppel, Section 1056, that author states the rule to be:

"When a citizen of one State makes himself a party to the proceedings of his debtor, instituted in another State, to obtain the benefit of the bankrupt or insolvent law, and receives a dividend from the assignee of the bankrupt or insolvent, he abandons the extra territorial immunity which he might otherwise claim from the operation of those laws."

It would of course make no difference in so far as the effect of filing a claim is concerned, whether such claim is filed with a receiver, appointed by the court for the purpose

of distributing the property of the insolvent among all of the creditors, or with an assignee in a proceeding under an assignment for the benefit of creditors. The principle of voluntary submission to the jurisdiction of the court by filing a claim would govern in the one case the same as in the other. It is the universal rule that a creditor who has filed proof of his claim in a proceeding of assignment for the benefit of creditors is estopped from afterward denying the validity of the assignment. 5 C. J. 1296; Bradley Metcalf Co. v. McLaughlin 87 Okla. 34, 208 Pac. 1032 and cases cited. In the case of In Re Assignment of Gilbert, 94 Wis. 108, 115, 68 N. W. 863, 865, the court said as follows:

"The contestants, before they commenced their proceedings at law, by filing and proving their claims in the matter of the assignment of T. I. Gilbert & Co., as well as of Gilbert & Hallenger, had thus made themselves parties to the proceedings in the matter of the assignment of T. I. Gilbert & Co., and were in effect suitors before the court in relation to its execution. They had thus conclusively admitted the validity of the assignment and the jurisdiction of the court to make all proper and necessary orders for its execution. Upon general principles the court had a right to control their conduct, as suitors, in relation to the proceedings, and to grant, if need be, an order to restrain them from carrying on an independent proceeding, at law or otherwise, the effect of which would be to embarrass or defeat its power to direct and control the administration of the estate. Having thus become parties to the proceeding, they were barred, and are estopped, from taking any action which would defeat its purpose, or prevent its proper execution under the direction of the court."

And in the case of Olson v. O'Brien, 46 Minn. 87, 91, 48 N. W. 453, 454, the court said:

"Whatever may be the legal status of creditors who have not availed themselves, in any manner, of the assignment

or the benefits to be derived therefrom, the plaintiff, by
making proof of his claim, delivering it to the assignee, and
thereafter, although notified of the fact of its allowance,
permitting it to stand as a proved-up claim against the
estate, has, in law, accepted the instrument, and barred
himself from disputing its validity, or from taking any ac-
tion which will defeat its purpose as a transfer of the prop-
erty in question to the assignee.''

The principle thus stated has been applied when affect-
ing property situated in a state other than that in which
the receiver or assignee has been appointed.  Thus, in the
case of Wilson v. Keels, 54 So. Car. 545, 32 S. E. 702, 71
A. S. R. 816 the court held that a resident creditor of South
Carolina who voluntarily submitted himself to the juris-
diction of a foreign court by proving his claim in said court
against a foreign insolvent and accepting dividends from
its receiver is estopped from objecting that such foreign re-
ceiver obtain possession of assets of such insolvent in South
Carolina for general distribution.   In the case of Kendall
et al v. McClure Coke Co., 182 Pa. 1; 37 Atl. 823, 61 A. S.
R. 688 it was held that when a Pennsylvania creditor un-
der a Pennsylvania assignment for creditors takes part in
a consultation of creditors with the assignee, obtains leave
of court to file exceptions to the assignee's account, and
presents and proves his claim, he will be estopped from
denying the validity of the assignment as to lands in an-
other state, and a court of equity in Pennsylvania will en-
join him from prosecuting a suit instituted in such other
state to secure a preference over other creditors as to lands
there situated, although the question of the validity of the as-
signment in such other state involves the law of the situs
of the property.   In that case the court said, among other
things:

''We think it clear that if defendant were attempting to
question the validity of the assignment under the laws of
this state, it would be held to have estopped itself from

denying it, by its unequivocal acts affirming it. Why, if the same acts estopped the creditor here, should he not be estopped from denying it elsewhere? If equity would close his mouth here, his mere removal to another jurisdiction does not open it to effect the same result; it is just as unconscionable to assert in Georgia the invalidity of the assignment as to assert it in Pennsylvania. But, it is argued by appellee, if the assignment in Pennsylvania cannot pass lands in other states, where the conveyance does not conform to the laws of the situs, then, by the assignment, the property is not subject to the claims of the general creditors, and the defendant, in levying his attachment upon it, impairs no right of any creditor under the assignment; and further, to restrain the attaching creditor is to, in effect, decide a question of foreign law, which the weight of authority holds should be decided by the foreign courts. As before noticed, without inquiry as to whether under the laws of Florida and Georgia the title to the lands in those states passed to the assignee, for the purposes of this case, we assume it did not; but this creditor, by the most significant acts and assertions of record, averred it did pass, and then took all the benefit possible from affirming the validity of the assignment; whether it passed or not, it cannot now say it did not."

In the case of Kirkendall v. Wetherly, 77 Nebr. 421, 109 N. W. 757, 9 L. R. A. (N. S.) 515, it was held that a creditor by participating in an insolvency proceeding begun in a sister state by a voluntary deed of assignment insufficient in form to be effectual to convey real property situated in that state, may become estopped to impeach a purported title of a purchaser of said property acquired in good faith in the progress of such proceedings. The court, among other things, said:

"But voluntary participation may have important consequences. An instance is easily conceivable in which the bulk of the property belonging to an insolvent, and at-

tempted to be assigned by him, is real estate lying outside the state. Suppose that such had been the case in the present instance, and that the bank had obtained a dividend, say of 50 percent of its claim, from participation in the distribution of the proceeds of the sale of such foreign lands, could it afterwards impeach the title of the purchaser, and obtain satisfaction of the residue of its claim by a resale of the property? Counsel for the attachment plaintiff argue that the doctrine of estoppel, whatever its force in other cases, has no application in this instance, because of the fact that no dividend was declared or paid; and cite Thompkins v. Adams, 41 Kan. 38, 20 Pac. 535, in support of this contention. But no such exception is made in this court in Greene v. Gross, supra, and we think such a one would be impracticable. It would permit a creditor to speculate and experiment with inconsistent remedies, pursuing one until he became dissatisfied with it, and then abandoning it for the other, or prosecuting one until he obtained partial satisfaction, and then resorting to the other for the recovery of the remainder of his claim. Such a course would be manifestly unjust both to other creditors of the insolvent and to a purchaser in good faith and for value, relying upon the sufficiency of the insolvency proceedings, in which the attachment plaintiff had participated. We are of the opinion that in such cases the rule of law relative to the election of remedies is applicable."

See also Weil v. Bank, 76 Mo. App. 34; Long v. Girdwood, 150 Pa. 413; 24 Atl. 711, 23 L. R. A. 33; Bank v. Street, 57 N. J. Law 336; Bentley v. Whittemore, 19 N. J. Eq. 462, 469; 97 Am. Dec. 671; which, in effect, hold that without reference to estoppel or election of remedies, true comity requires that no foreign creditors should be able to obtain any advantage in the state where the property is situated which he could not obtain in the forum where the receivership is had. But see 34 Cyc. 492.

There are a number of cases which hold that the doctrine of election of remedies is not applicable. Linville v. Hadden, 88 Md. 594, 41 Atl. 1097; 43 L. R. A. 222; Segnitz v. Banking & Trust Co., 107 Wis. 171; 83 N. W. 327; 50 L. R. A. 327, 81 Am. St. Rep. 830; Koechl v. Brewing Co., 26 App. Div. 573; 50 N. Y. Supp. 568; Scott etc. v. Strauss-Pritz & Co., 14 Ky. L. 892; Yates v. Dodge, 123 Ill. 50; 13 N. E. 847; C. M. Anderson & Co. v. D. Schaass, 35 Ill. App. 155; Zacher v. Fidelity Trust & Safety Vault Co., 106 Fed. 593, 600; 45 C. C. A. 480; Moore v. Church, 70 Ia. 208, 30 N. W. 855, 59 Am. Rep. 439. In most of these cases the claim was filed with the foreign receiver or assignee subsequent to the making of the attachment, and in many of them an express reservation of the rights under the attachment were made in the claim filed with the receiver or assignee, or other matters appeared which induced the court to hold that the party did not choose to elect to waive his rights obtained under the attachment.

The doctrine of election of remedies should not be applied so as to work an injustice. See Portner v. Tanner (Wyo.) 216 Pac. 1069. But, as said in Ballin v. Loele, 78 Wis. 404; 47 N. W. 516, 10 L. R. A. 742:

"That kind of diligence by which one creditor of an insolvent corporation secures to himself a prior right to its property, and an unequal advantage over the other creditors, is without merit, and more selfish than just." See Gilman v. Ketcham, 84 Wis. 60, 70, 54 N. W. 395, 23 L. R. A. 52, 36 Am. St. Rep. 899.

In the case at bar, the plaintiff voluntarily submitted itself to the jurisdiction of the Wisconsin court by filing its claim, which was duly allowed. It thereby consented to be placed on the same footing with, and to derive the same advantage as, other creditors from the property which might come into the possession of the receivers, and we cannot see how it would be unjust to apply the doctrine of election of

remedies to plaintiff any more than for this court or the Wisconsin court to apply it to a Wisconsin creditor with whom the plaintiff, as stated, put itself upon a footing of equality.

4. If, however, we are wrong in applying the doctrine of election of remedies in this case, we still think that appellant is barred from claiming the possession of the property in the hands of Clark. And we might say in passing that the fact that the lower court gave plaintiff judgment against a party that made no defense and upheld a garnishment proceeding against Stenger, who, likewise, made no defense, thus recognizing the validity of the attachment proceeding in part, cannot aid the appellant here. We have shown that the Wisconsin court enjoined all creditors from enforcing their demands against the American Cooperative Association by any action at law or equity except in said court. In the cases cited supra, in which a claim was filed with the receiver subsequent to an attachment, there was no violation of an injunction as in the case at bar. Courts seem to be agreed that where a receiver of a corporation has been appointed by a court of competent jurisdiction in another state, a creditor who resides in that state, and is bound by the decree of its court appointing the receiver, cannot in an attachment or execution recover the assets of the corporation in another state. Fletcher, Cyc. Corp. Sec. 5840; 34 Cyc. 492; Bagby v. Railroad Co., 86 Pa. 291; In the Matter of Accounting of Waite, 99 N. Y. 433; 2 N. E. 440; Gilman v. Ketcham, 84 Wis. 60, 54 N. W. 395, 23 L. R. A. 52, 36 Am. St. Rep. 899. In Bagby v. R. R. Co., supra, the court said:

"Now it is clear that as to these plaintiffs who were citizens of Virginia, the appointment of a receiver was not extra territorial but was an act binding on them which the Virginia court would enforce as to them, had their action been brought in Virginia. Then, certainly, they have no

right after the appointment of a receiver by a court within their own state binding on them there, to attempt to avoid its effect by escaping from its jurisdiction and coming here to ask us to infringe the comity we owe to the acts of their own court within their jurisdiction. Instead of comity this would be unfriendliness, for they ask us to aid them in a violation of their own law.''

In the case of Bacon, Baldwin & Co. v. Jos. Horn & Co., 123 Pa. 452, 16 Atl. 794, 2 L. R. A. 355, the court said:

''The plaintiff came into this state to obtain an advantage by our law which they could not obtain by their own. They are seeking to nullify the law of their own state and ask the aid of our court to do so. This they cannot have. If for no other reason, it is forbidden by public policy and the comity which exists between the states. This comity will always be enforced when it does not conflict with the rights of our own citizens.''

In Farmers L. & T. Co. v. Telegraph Co., 148 N. Y. 315, 325, 42 N. E. 707, 31 L. R. A. 403, 51 Am. St. Rep. 690, the court held that one cannot be heard in a court of equity engaged in the administration of the proceeds of mortgaged property, to assert an alleged lien thereon having its origin in a violation of an injunction and judgment of the court. It the case at bar the plaintiff, by filing its claim with the receivers appointed by the Wisconsin court, submitted itself to the jurisdiction of that court. The order of injunction issued by that court became binding upon it as well as upon the Wisconsin creditors that filed their claims. Plaintiff stands before this court as a confessed violator of that order, and asks this court to aid it in its violation. We cannot consent to do so. That would be not alone violative of the rule of comity, but would clearly be against public policy as well.

For the reasons mentioned the judgment of the trial court should be affirmed and it is so ordered.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.

NOTE—See Headnotes (1) 3 C. J. p. 726; 4 C. J. pp. 1168, 1170; (2) 34 Cyc. pp. 484, 488; (3) 34 Cyc. p. 484; (4) 5 C. J. p. 1296; (5) 20 C. J. p. 4 (1926 Anno); 15 C. J. p. 846.